# CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth of Virginia

v.

Victor Hugo Oliver

### Case No. CR98-680

Commonwealth of Virginia

v.

Nelly Oliver

### Case No. CR98-621

### April 22, 1999

BY JUDGE JOANNE F. ALPER

This matter comes before the Court on motion of Maria Stella Tonizzo to docket an order of restitution on her behalf against the above-named defendants. This motion was filed under the provisions of Va. Code §§ 19.2-305.2(B) and 8.01-446 by Ms. Tonizzo as one of the numerous victims of Victor and Nelly Oliver. Ms. Tonizzo claims that the amount of restitution due her is $200,000.00 and seeks a judgment to be docketed in that amount. Counsel for Victor Oliver has opposed this motion asserting that since certain of the sentencing orders did not contain in writing an order that restitution be paid, and moreover, since no specific amount was ordered or found in favor of Ms. Tonizzo at the sentencing hearing, the Court has no authority to docket an order of restitution as requested by Ms. Tonizzo.

Victor Oliver was convicted of 54 charges of Forgery, Uttering, Grand Larceny, and Conspiracy to Commit Grand Larceny. Nelly Oliver was convicted of 18 charges of Forgery, Grand Larceny, and Conspiracy to Commit Grand Larceny. At defendants' sentencing hearing on December 14, 1998, the Court ordered the defendants incarcerated in the penitentiary in connection with certain specific charges and suspended the sentences on the balance of the charges. The Court clearly stated from the bench that the defendants were ordered to pay restitution to the numerous victims in these cases. The Commonwealth's Attorney represented to the Court that the aggregate amount of restitution to all the victims was approximately $1.2 million. Counsel for Ms. Tonizzo now asserts that although a specific amount was not found or ordered for her, there is sufficient evidence before the Court to enter judgment on her behalf.

In reviewing the file in connection with this motion, the Court noted that the orders prepared by the Clerk in the cases upon which defendants' sentence was imposed, specifically CR98-678, 680, and 681 (Victor Oliver) entered on January 5, 1999, and CR98-619 and 621 (Nelly Oliver) entered on January 4, 1999, failed to state that restitution was ordered despite the fact that all the other orders entered for all the other sentences so stated. The omission of restitution which was ordered in open Court on December 14, 1998, in these written orders was clearly a clerical oversight and must be corrected. Accordingly, I have entered amended orders in the cases *Commonwealth of Virginia v. Victor Hugo Oliver*, CR98-678, -680, and -681, and *Commonwealth of Virginia v. Nelly Oliver*, CR98-619 and -621, which reflect the fact that restitution was ordered in these cases.

Having conformed its written order with its oral ruling by amendment, the next issue before the Court is whether it has jurisdiction to order a specific amount of restitution to Ms. Tonizzo. At the sentencing hearing on December 14, 1998, the Court made no individual findings or orders regarding restitution as to any of the myriad victims but left the terms of the restitution payments to the probation officer so that the probation officer could establish a plan which would treat all the victims fairly. Because there was no specific determination of the amount of restitution due to Ms. Tonizzo or to any of the other victims, this case is distinguishable from the decision of the Virginia Court of Appeals in *Frazier v. Commonwealth*, 20 Va. App. 719 (1995). In that case, the court's original sentencing order set forth the amount of restitution due to the victim, and the Court of Appeals affirmed that the victim was entitled to use the provisions of Va. Code § 19.2-305.2(B) to obtain a civil judgment against the defendant, notwithstanding the fact that more than twenty-one days had passed

since the entry of the sentencing order. In this case, the sentencing order is silent as to the amount of the restitution due Ms. Tonizzo or any of the other victims. In order for the Court to grant the relief requested by Ms. Tonizzo, there would have to be an amendment to the sentencing order which would be substantive (rather than the clerical amendment which was previously referred to) and would modify both the Court's ruling from the bench at the sentencing hearing on December 14, 1998, and the final orders entered on January 4 and 5, 1999. Since the sentencing order was entered more than twenty-one days before this motion was even filed by Ms. Tonizzo, this Court lacks jurisdiction to substantively modify its sentencing order and therefore to docket a judgment in favor of Ms. Tonizzo as requested in her motion.

This Court is very sympathetic to the impact which this crime has had upon Ms. Tonizzo and the other victims and understands the concerns expressed by her counsel regarding the expense of further litigation and the need for closure to Ms. Tonizzo as well as to the other victims of the defendants' scheme. Had this issue been raised at the sentencing hearing or at such time as the Court still had jurisdiction, the matter would have been fully and completely heard and determined; however, this Court cannot make rulings and enter judgments upon sympathy or concern; rather, it must act only pursuant to the statutory and case law authority.

Accordingly, the Motion of Maria Stella Tonizzo to docket an order of restitution shall be and it is hereby denied.