COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Clements
Argued at Richmond, Virginia


TORRI S. WAITERS
                                        OPINION BY
v.    Record No. 2822-99-4    JUDGE RUDOLPH BUMGARDNER, III
                                     NOVEMBER 14, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      F. Bruce Bach, Judge

          Thomas H. Estes, Jr., Assistant Public
          Defender (James G. Connell, III, Assistant
          Public Defender; Office of the Public
          Defender, on briefs), for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     The trial court convicted Torri S. Waiters of three counts

of distribution of marijuana in violation of Code

§ 18.2-248.1(a)(2).  It sentenced the defendant to two years

incarceration, suspended all but ninety days in jail, placed the

defendant on probation, and ordered drug treatment.  As a

condition of the suspended sentence, the trial court ordered

restitution of $1,900 to the Fairfax County Police Department.

The defendant objected to paying restitution.  We conclude the

trial court had authority to order the restitution.

     The defendant sold marijuana to a Fairfax County Police

Department undercover detective on three separate occasions.

The total paid to the defendant by the police was $1,900.  The

defendant pled guilty to each offense and stipulated the

evidence.

The defendant contends that Code §§ 19.2-303 and 19.2-305[1]

limit the authority of the trial court to ordering restitution

to an "aggrieved party" for "damages or loss" only.  He argues

the police department was not an aggrieved party and the money

used to buy drugs from the defendant was not a damage or loss.

---

[1] Code § 19.2-303 provides in part:

> After conviction, whether with or
> without jury, the court may suspend
> imposition of sentence or suspend the
> sentence in whole or part and in addition
> may place the accused on probation under
> such conditions as the court shall determine
> or may, as a condition of a suspended
> sentence, require the accused to make at
> least partial restitution to the aggrieved
> party or parties for damages or loss caused
> by the offense for which convicted, or to
> perform community service, or both, under
> terms and conditions which shall be entered
> in writing by the court.

Code § 19.2-305(B) provides:

> A defendant placed on probation
> following conviction may be required to make
> at least partial restitution or reparation
> to the aggrieved party or parties for
> damages or loss caused by the offense for
> which conviction was had, or may be required
> to provide for the support of his wife or
> others for whose support he may be legally
> responsible, or may be required to perform
> community services.  The defendant may
> submit a proposal to the court for making
> restitution, for providing for support or
> for performing community services.

We need not address whether the trial court's action fit within the provisions of Code § 19.2-303 relating specifically to restitution because the specific provisions of that statute do not restrict the general authority of a trial court under the first clause of the statute.

The first clause of Code § 19.2-303 gives broad power to the trial court to determine the conditions of a suspended sentence. Sentencing statutes "confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (citations omitted). The clauses that have been added to the original enactment[2] have not been interpreted as limiting or restricting the original statement of the court's broad powers. Alger v. Commonwealth,

_____

[2] Chapter 495 of the 1975 Acts of Assembly enacted Title 19.2. Code § 19.2-303 read "After conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation."
    Chapter 636 of the 1982 Acts of Assembly appended the phrase, "under such conditions as the court shall determine." Chapter 458 added to that, "or may, as a condition of a suspended sentence require the accused to perform community service under terms and conditions which shall be entered in writing by the court."
    Chapter 32 of the 1984 Acts of Assembly added into the 1982 amendments the clause, which the defendant relies upon, "to make at least partial restitution to the aggrieved party or parties for damages or loss caused by the offense for which convicted . . . or both."

19 Va. App. 252, 256, 450 S.E.2d 765, 767 (1994).  "Sentencing statutes are to be liberally construed to give the trial court broad discretion."  Bazemore v. Commonwealth, 25 Va. App. 466, 468, 489 S.E.2d 254, 255 (1997) (citation omitted).

"Code § 19.2-303 empowers a trial court to place conditions on a suspended sentence.  The sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness."  Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 341 (1998) (citation omitted).  The limitation on the discretion of the trial court is that the conditions of suspension "must be reasonable in relation to the nature of the offense, the background of the offender and the surrounding circumstances."  Deal, 15 Va. App. at 161, 421 S.E.2d at 899 (citations omitted).

The condition the trial court created was reasonable and an appropriate exercise of its discretion.  It ordered the return of the exact sum the undercover agent had paid the defendant for illegal drugs.  At a minimum, the requirement prevented the defendant from profiting from the crime he committed.

The defendant asserts that the police cannot receive restitution because they participated in an illegal act by purchasing drugs from the defendant.  A party to an illegal act cannot recover for damages resulting from the act.  However, this argument ignores the obvious -- the police were acting

lawfully when they purchased the marijuana from the defendant. Code § 18.2-258.1(G).

Ordering the defendant to repay the sums he received from his sale of drugs to the police was a proper exercise of judicial discretion under Code § 19.2-303.  Accordingly, we affirm.

<u>Affirmed.</u>