COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


LLOYD DAREN HOWELL

                                                   MEMORANDUM OPINION* BY
v.        Record No. 2847-05-3              JUDGE ELIZABETH A. McCLANAHAN
                                                        DECEMBER 19, 2006

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                           Charles N. Dorsey, Judge

            Rachel E. Jackson, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Lloyd Daren Howell appeals a condition of his suspended sentence requiring that he

make restitution in the amount of $1,040, the cost of a security system installed after he

burglarized a business.  He argues that the trial court had no authority to order such a payment.

We disagree and affirm the restitution award, subject to remand solely for the correction of

clerical errors.

                                   I.  BACKGROUND

        Howell broke into Thomas Tax Service and stole several items of office equipment.  The

Thomases' insurer provided partial payment, and the Thomases paid a $250 deductible.  At the

time of the sentencing hearing, the Thomases had paid $1,040 for the security system:  $800

installation cost plus $240 in monthly monitoring fees.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Howell pled guilty to and was sentenced for committing statutory burglary in violation of Code § 18.2-91 and grand larceny in violation of Code § 18.2-95.[1]  The trial court ordered Howell to pay as restitution the cost of a security system installed by the business after the burglary.  The trial court set restitution, as a condition of Howell's suspended sentences, referring to the pre-sentence report for its calculations:  $1,040 for costs associated with the installation and maintenance of their security system and $250 for the Thomases' insurance deductible.[2]  The award of restitution in the amount of $1,040 for costs associated with the business' security system is the sole issue on appeal.

## II.  ANALYSIS

Howell contends that Code § 19.2-305(B) does not give the trial court authority to award restitution for the costs associated with the security system because the security system was not a "loss or damage" caused by the crime.[3]  The Commonwealth relies on Code § 19.2-303[4] and

---

[1] At the same hearing, Howell was also sentenced for a robbery he committed at a Pizza Hut, an offense unrelated to the convictions in this appeal.

[2] The trial court addressed the burglary and grand larceny convictions and the robbery conviction in separate sentencing orders.  Based on the transcript of the sentencing proceeding and the contents of the pre-sentence report, it is clear that the robbery sentencing order erroneously contains the restitution order to reimburse the Thomases for costs associated with the security system and their insurance deductible.  The burglary and grand larceny sentencing order fails to include any award of restitution to the Thomases for the security system or the insurance deductible.  Both costs should have been included in the burglary and grand larceny sentencing order.  We remand with direction to the trial court to correct the clerical errors in the sentencing orders.  See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994); see also Code § 8.01-428(B).

[3] Howell does not argue the provisions of Code §§ 19.2-305.1, -305.2, and -305.4, and therefore we do not address them.  See Rule 5A:18.

[4] Code § 19.2-303 provides in part:

> After conviction . . . the court may suspend imposition of
> sentence or suspend the sentence in whole or part and in addition
> may place the defendant on probation *under such conditions as the
> court shall determine* or may, as a condition of a suspended

Waiters v. Commonwealth, 33 Va. App. 739, 741, 536 S.E.2d 923, 924 (2000), to support its argument that the payment ordered was a reasonable condition of Howell's suspended sentences. Our decision in Waiters interpreting Code § 19.2-303 controls the outcome of this case.[5]

In Waiters, we stated "[t]he first clause of Code § 19.2-303 gives broad power to the trial court to determine the conditions of a suspended sentence." Id. at 741, 536 S.E.2d at 925. "The clause[] [specifically pertaining to restitution] that ha[s] been added to the original enactment ha[s] not been interpreted as limiting or restricting the original statement of the court's broad powers." Id. at 741-42, 536 S.E.2d at 925 (footnote omitted). We further stated, "'[t]he sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness.'" Id. at 742, 536 S.E.2d at 925 (quoting Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 341 (1998)); see also Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 899 (1992) (condition of suspension of sentence "must be reasonable in relation to the nature of the offense").

The reasonableness of a condition of a suspended sentence should be measured by how well the condition serves to effectuate its objectives. One objective of such conditions includes promoting "rehabilitation of the convict." See Anderson v. Commonwealth, 25 Va. App. 565,

---

sentence, require the defendant to make at least partial restitution to the aggrieved party or parties for damages or loss caused by the offense for which convicted . . . .

(Emphasis added). Thus, after a criminal conviction, "trial courts are specifically vested with authority 'to suspend the sentence in whole or part,' 'suspend [its] imposition,' and 'in addition . . . place the accused on probation,' all 'under such conditions as the court shall determine.'" Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (quoting Code § 19.2-303) (footnote omitted).

[5] Under Virginia's interpanel accord doctrine, we have no authority to overrule another panel of this Court's decision. "The decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and 'cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court.'" Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation omitted).

572, 490 S.E.2d 274, 277 (1997). Sentencing statutes "confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Deal, 15 Va. App. at 160, 421 S.E.2d at 899 (citations omitted).

The trial court required Howell to pay a liquidated amount of money for the installation cost of the security system and eight months' maintenance fees.[6] The condition was reasonably related to Howell's criminal activities and promotes rehabilitation of the convict by impressing upon him the harm caused by his crimes. It, therefore, was an appropriate exercise of the trial court's judicial discretion under Code § 19.2-303. See id. at 160-61, 421 S.E.2d at 899 (conditions of suspension "must be reasonable in relation to the nature of the offense, the background of the offender and the surrounding circumstances"). Accordingly, we affirm.

Affirmed on the merits and remanded with instructions.

---

[6] The trial court also ordered Howell to pay the $250 insurance deductible, but did not order him to repay the insurance company the amount it sustained in covering the Thomases' claim. See Alger v. Commonwealth, 19 Va. App. 252, 255-56, 450 S.E.2d 765, 767 (1994) (ordering defendant to pay restitution to victims' insurance carriers).