COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Petty and AtLee
Argued at Lexington, Virginia


LEROY ELLIS

                                                            OPINION BY
v.        Record No. 1111-17-3                   JUDGE WILLIAM G. PETTY
                                                            MAY 8, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Perry H. Harrold for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General; Elizabeth Kiernan Fitzgerald, Assistant
Attorney General, on brief), for appellee.


Leroy Ellis pleaded guilty pursuant to North Carolina v. Alford, 400 U.S. 24 (1970),[1] to

buying or receiving stolen property in violation of Code § 18.2-108(A).  On appeal, Ellis argues

that the trial court erred "in failing to grant [his] Motion for Reconsideration which requested

relief from being held liable for the payment of restitution to the victim for costs not associated

with offenses to which (Ellis) pled guilty to and for offenses which were *nolle prosequi*."  For

the reasons stated below, we reverse the trial court's order and remand for resentencing.

BACKGROUND

Leroy Ellis was indicted for burglary, in violation of Code § 18.2-89; grand larceny, in

violation of Code § 18.2-95; larceny of a firearm, in violation of Code § 18.2-95; and possession

---

[1] An Alford guilty plea allows "criminal defendants who wish to avoid the consequences
of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while
maintaining that they did not participate in the acts constituting the crimes."  Carroll v.
Commonwealth, 280 Va. 641, 644-45, 701 S.E.2d 414, 415 (2010) (quoting Parson v. Carroll,
272 Va. 560, 565-66, 636 S.E.2d 452, 455 (2006)).

of a firearm by a convicted felon, in violation of Code § 18.2-308.2. Before trial, the trial court granted the Commonwealth's motion to amend the grand larceny indictment to receiving stolen property, in violation of Code § 18.2-108(A). Thereafter, Ellis entered an Alford guilty plea to the amended indictment, and the Commonwealth moved to *nolle prosequi* the other three charges. There was, however, no written plea agreement, nor was there any mention of restitution. Before accepting Ellis's plea, the trial court heard the following proffer of evidence from the Commonwealth:

> [O]n February the 16th of 2015, [the victim] was working nights at Ply-Gem in Rocky Mount. He was living in an apartment on River Road in the Bassett section of Henry County. When he came back from work that evening, he discovered his front door had been kicked in and there was a Glock handgun, a flat screen TV, two watches, and an Xbox game system missing from his house. He called the police and then Investigator Jerry Farmer responded. Investigator Farmer took pictures of the residence and everything that was around there and talked to [the victim]. There was a surveillance video from a local business that showed a person that was very indistinct and a white or light colored SUV pull up and that was pretty much all you could tell from that particular video. The defendant at the time was a co-worker of [the victim's] and Investigator Farmer, in talking to [the victim], thought he might be a suspect, developed the idea that Mr. Ellis might be a suspect in the matter. He got a search warrant for Mr. Ellis's home on Preston Scales Road in Henry County. There was a white, light-colored Chevy SUV at . . . Mr. Ellis's home, on March the 4th when the search warrant was served, and the officers that served the search warrant found the television that had the matching serial numbers of [the victim's] television in the residence there at, where Mr. Ellis lived. Mr. Ellis stated that he bought the TV from, for two hundred fifty dollars at the car wash in Stanleytown from a man driving a dark gray Impala. And his girlfriend, who was also in the house, says she noticed there was a TV there when she came home from work on the third of March, but she didn't know how it got there and she just figured that Mr. Ellis [had] bought it.

The Commonwealth also noted that the case was "a circumstantial one."

> There were other circumstances that did point toward Mr. Ellis; however, in all fairness to Mr. Ellis since he's pleading to a lesser charge, the Commonwealth doesn't really wish to get into those.

> [The victim], for his part, when this case was last set, informed the Commonwealth about a day before that he was going to be in Virginia Beach for his vacation and would not be here, so that in essence would be the facts the Commonwealth would adduce at trial and a little bit behind why the Commonwealth is making this particular offer.

After preparation of a pre-sentence report and the submission of a victim impact statement, the trial court entered an order sentencing Ellis to five years of incarceration with four years and eight months suspended. A condition of Ellis's suspended sentence was that he make restitution in the amount of $1,500 to the victim in the case.[2] At the sentencing hearing, defense counsel inquired about the court's $1,500 order of restitution. The trial court stated:

> COURT: Yes sir, the victim asked for twenty four forty five. I don't think that's appropriate. I did order the fifteen hundred which was what was apparently taken.
>
> MR. HARROLD: Judge, the only thing that they found would be the television set.
>
> COURT: I agree, but I'm still going to make it fifteen hundred.

Subsequently, defense filed a timely motion to reconsider the order of restitution, which was denied.

On appeal, Ellis argues the trial court erred in denying his motion to reconsider the amount of restitution ordered by the court. Ellis argues that the trial court erred in ordering him to pay restitution for costs associated with the burglary and grand larceny, offenses for which he was not convicted. We agree.

---

[2] In the victim impact statement, the victim listed items "lost as a result of this crime," including a handgun ($350), a television ($450), an Xbox One ($450), a Nixon watch ($150), and Citizen watch ($100)—totaling $1,500. The victim also listed $1,545 in moving costs less the $600 he received when he received his deposit when he moved out.

STANDARD OF REVIEW

"A sentencing decision will not be reversed unless the trial court abused its discretion."

Burriesci v. Commonwealth, 59 Va. App. 50, 55, 717 S.E.2d 140, 143 (2011) (quoting Martin v.

Commonwealth, 274 Va. 733, 735, 652 S.E.2d 109, 111 (2007)). "[T]he phrase 'abuse of

discretion' means that the circuit court 'has a range of choice, and that its decision will not be

disturbed as long as it stays within that range and is not influenced by any mistake of law.'"

Sauder v. Ferguson, 289 Va. 449, 459, 771 S.E.2d 664, 670 (2015) (quoting Landrum v.

Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)

(internal quotation marks omitted)). However, "when an irrelevant or improper factor is

considered and given significant weight" the court commits an abuse of discretion. Landrum,

282 Va. at 352, 717 S.E.2d at 137 (quoting Kern v. TXO Production Corp., 738 F.2d 968, 970

(8th Cir. 1984)).

ANALYSIS

Pursuant to Code § 19.2-303,

> [a]fter conviction, . . . the court may . . . suspend the sentence in
> whole or part and . . . may, as a condition of a suspended sentence,
> require the defendant to make at least partial restitution to the
> aggrieved party or parties for damages or loss caused by the
> offense for which convicted.

When restitution is ordered as a condition of a suspended sentence, Code § 19.2-305(B) provides

that "[a] defendant placed on probation following conviction may be required to make at least

partial restitution . . . for damages or loss caused by the offense for which conviction was had."

Code § 19.2-305.1(A) also provides that "no person convicted of a crime . . . which resulted in

property damage or loss, shall be placed on probation or have his sentence suspended unless such

person shall make at least partial restitution for such property damage or loss." Additionally,

Code § 19.2-305.2 authorizes the court, "when ordering restitution pursuant to § 19.2-305.1, [to]

require [the] defendant . . . [to] pay [the victim] an amount equal to the greater of the value of the property at the time of the offense or the value of the property at the time of sentencing."

In previous cases addressing the trial court's authority to order restitution we have interpreted Code §§ 19.2-303 and 19.2-305.1 as granting "'wide latitude' and much 'discretion . . . to [apply the] remedial tool [of restitution] . . . in the rehabilitation of criminals' . . . ." McCullough v. Commonwealth, 38 Va. App. 811, 814, 568 S.E.2d 449, 450 (2002) (alterations in original) (quoting Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992)).

For example, in Deal v. Commonwealth, following a conviction for felony embezzlement, the trial court ordered the defendant to pay $43,000 in restitution to her former employer, from whom she embezzled. 15 Va. App. at 158, 421 S.E.2d at 898. The former employer testified that the business suffered $200 per day of loss for almost a year while Deal was adjusting the books, but Deal denied that the loss was as high as $200 a day. Id. at 159-60, 421 S.E.2d at 899. In affirming the trial court's order, this Court noted that Code §§ 19.2-303, -305, and -305.1 "confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Id. at 160, 421 S.E.2d at 899 (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991)). This Court found the sentence reasonable and therefore affirmed. Id. at 160-61, 421 S.E.2d at 899-900 (noting that "conditions upon the suspension of execution or imposition of a sentence must be reasonable in relation to the nature of the offense, the background of the offender and the surrounding circumstances").

Likewise, in Waiters v. Commonwealth, 33 Va. App. 739, 536 S.E.2d 923 (2000), this Court affirmed the trial court, recognizing the latitude and discretion afforded to trial courts in

ordering restitution.  The defendant in Waiters was convicted of three counts of distribution of marijuana.  Id. at 740, 536 S.E.2d at 924.  As part of his sentence, the court ordered him to pay $1,900 to the Fairfax County Police Department in restitution for the money detectives paid him over the course of three undercover drug purchases.  Id. at 741, 536 S.E.2d at 924.  On appeal, this Court affirmed the trial court, noting that the order was "reasonable and . . . appropriate."  Id. at 742, 536 S.E.2d at 925.  Notwithstanding Waiters's argument that the police department was not an aggrieved party under Code § 19.2-303, this Court affirmed, recognizing the "wide latitude" and discretion of the trial courts in determining conditions of a suspended sentence.  Id. at 741-43, 421 S.E.2d at 924-25 (citing Deal, 15 Va. App. at 160, 421 S.E.2d at 899).  This Court noted that the trial court "ordered the return of the exact sum the undercover agent had paid the defendant for illegal drugs.  At a minimum, the requirement prevented the defendant from profiting from the crime he committed."  Id. at 742-43, 421 S.E.2d at 925.

Finally, in McCullough v. Commonwealth, 38 Va. App. 811, 813, 568 S.E.2d 449, 450 (2002), the defendant was ordered to pay $5,054.07 in restitution to the Suffolk Department of Social Services even though "the Commonwealth failed to prove beyond a reasonable doubt the amount by which McCullough was overpaid as a result of her fraudulent conduct."[3]  On appeal, McCullough contended that the trial court erred in ordering a restitution amount that was greater than that proved at trial.  Id. at 814, 568 S.E.2d at 450.  On appeal, this Court affirmed.  Because "the restitutionary amount [was] supported by a preponderance of the evidence and [was] 'reasonable in relation to the nature of the offense,' Deal, 15 Va. App. at 160-61, 421 S.E.2d at

---

[3] McCullough was indicted for welfare fraud in excess of $200, a felony, but was ultimately convicted of two counts of petit larceny because of the failure of proof on the value of the fraud.  McCullough, 38 Va. App. at 813-14, 568 S.E.2d at 450.

899, the determination of the trial court [was affirmed]." McCullough, 38 Va. App. at 817, 568 S.E.2d at 451-52.[4]

The Supreme Court, however, has recently narrowed the scope of the trial court's discretion in ordering restitution. In Howell v. Commonwealth, 274 Va. 737, 739, 652 S.E.2d 107, 107-08 (2007), the Court considered whether a trial court may require a defendant to pay restitution for the installation of a security system as part of his sentence for burglary. The Court specifically recognized that "[t]he General Assembly has limited the scope of restitution a court may order to payments for 'damages or losses caused by the offense.'" Id. at 740, 652 S.E.2d at 108. In its reversal of the trial court's decision regarding restitution, the Court relied upon decisions from the United States Court of Appeals for the Fourth Circuit in which the federal court addressed a federal statute similar to Code § 19.2-303. The Court in Howell noted that the Fourth Circuit interpreted the language "'actual damages or loss caused by the offense' to limit the damages or loss which the defendant can be ordered to repay to 'those which were directly caused by the offense.'" Id. at 740-41, 652 S.E.2d at 108-09 (quoting United States v. McMichael, 699 F.2d 193, 195 (4th Cir. 1983)). The Court also adopted the Fourth Circuit's interpretation that "[w]e do not read the language . . . to authorize reimbursement . . . [for] costs [that] result only indirectly from the offense." Id. at 741, 652 S.E.2d at 109 (quoting United States v. Vaughn, 636 F.2d 921, 923 (4th Cir. 1980) (alterations in original) (discussing reimbursement to the government for costs associated with investigation and prosecution)). Additionally, the Court cited with approval a Kansas Court of Appeals decision holding that it was reversible error for the trial court to order the defendant to pay for the installation of a security system in the building that he burglarized because those were "'tangential costs incurred

---

[4] It is important to note that in McCullough, as well as in Waiters and Deal, the restitution reflected losses occasioned by the offense for which the defendant was convicted.

as a result of a crime,' not a cost *caused* by the crime." Id. (quoting State v. Chambers, 138 P.3d 405, 414-15 (Kan. Ct. App. 2006)). Accordingly, the Court held that the trial court erred because the attenuation between the installation of the security system and the burglary was too great—the installation of the security system was related to the burglary but "was not caused by the offense as required by Code §§ 19.2-303, -305(B), -305.1(A)." Id.

Here, Ellis pleaded guilty and was convicted pursuant to Code § 18.2-108 of receiving stolen goods. In order to convict the defendant of that crime, the Commonwealth was required to proffer that the defendant bought "or receive[d] from another person, or aid[ed] in concealing, any stolen goods or other thing, knowing the same to have been stolen." Code § 18.2-108. The Supreme Court has held that one of the elements of the crime of receiving stolen property is "[t]hat 'the goods or other things' were previously stolen *by some other person*." Grilland v. Commonwealth, 184 Va. 223, 227, 35 S.E.2d 130, 131 (1945) (emphasis added) (quoting Hey v. Commonwealth, 73 Va. (32 Gratt.) 946, 951 (1879)). Accordingly, Ellis's conviction for receiving stolen property precludes him from being deemed the thief.

The trial court ordered Ellis to pay $1,500 restitution to the victim for "what was apparently taken" from the victim's home. That amount is the sum total of all of the property that the victim listed as taken in the burglary. As the trial court noted, however, the television was the only item found in the defendant's possession. It was his possession of that item, and that item only, that formed the basis for his conviction for receiving stolen goods. Code § 19.2-305(B), which governs the ordering of restitution, clearly states that when restitution is ordered as a condition of a suspended sentence, "[a] defendant placed on probation following conviction may be required to make at least partial restitution . . . for damages or loss *caused by the offense for which conviction was had*." (Emphasis added). Ellis was convicted of an offense

that presupposes that he was not the thief.[5]  The only loss directly caused by the offense for which Ellis was convicted was the loss of the television, valued at $450.  Accordingly, the trial court abused its discretion in ordering Ellis to pay restitution in an amount exceeding the value of the television, the property he was convicted of receiving or concealing.[6]

CONCLUSION

The trial court abused its discretion by ordering restitution for damage or loss caused by offenses for which Ellis was not convicted.  The judgment of the trial court will be reversed as to the portion of the final order pertaining to restitution.  The case will be remanded to the trial court for corrections to Ellis's sentencing order consistent with this opinion.

<u>Reversed and remanded.</u>

---

[5] It is also noteworthy that the two indictments alleging that he stole and possessed the firearm were *nolle prosequied*.

[6] Certainly, the Commonwealth could have included restitution for the entire amount of loss suffered by the victim as a part of a formal plea agreement.  <u>See</u> <u>Brown v. Commonwealth,</u> 68 Va. App. 58, 69-70, 802 S.E.2d 197, 202-03 (2017) (noting that "once accepted by a circuit court, plea agreements are treated as binding contracts").