UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Chafin and Senior Judge Clements
Argued at Lexington, Virginia


TRACY W. WILLARD, A/K/A
 WILLIE TRACY WILLARD, S/K/A
 TRACY WILLY WILLARD

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1326-17-3                        JUDGE TERESA M. CHAFIN
                                                      AUGUST 7, 2018

COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF PATRICK COUNTY
                          Martin F. Clark, Jr., Judge

            Caitlin Reynolds-Vivanco, Assistant Public Defender, for appellant.

            Rachel L. Yates, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        After accepting a plea of no contest, the Circuit Court of Patrick County convicted Tracy

W. Willard of aggravated sexual battery in violation of Code § 18.2-67.3.  The circuit court

sentenced Willard to ten years of incarceration, suspended nine years of his sentence, and placed

him on indefinite probation.  As a condition of probation, the circuit court prohibited Willard

from leaving his home without being accompanied by an adult other than his father, unless

Willard was attending certain appointments.  On appeal, Willard argues that this probation

condition was unreasonable.  He also challenges the indefinite term of his probation.  For the

following reasons, we affirm the circuit court's sentencing decision.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). In the present case, however, the relevant evidence is primarily undisputed.

On June 28, 2015, an eight-year-old girl went to a Dollar General store with her grandmother and two young cousins. Willard, who was fifty-one years old, approached the girl and her cousins in an aisle of the store and touched the girl in her genital area for several seconds. The girl immediately told her grandmother about the incident, and the grandmother confronted Willard and his father. Willard admitted he touched the girl, and his father explained that a similar incident previously occurred.

Willard was charged with aggravated sexual battery based on his conduct. On September 28, 2016, however, the circuit court determined that Willard was incompetent to stand trial. After seven months of inpatient treatment, Willard's competency was restored. He pled no contest to the charged offense on April 21, 2017.[1] The circuit court accepted Willard's plea, ordered a probation officer to complete a presentence report, and set a date for Willard's sentencing.

Willard's presentence report established that he suffered from significant mental and physical limitations. The report explained that Willard incurred a traumatic brain injury and unspecified physical injuries in a 1986 moped accident that left him permanently disabled. The report noted that Willard had "issues with memory, comprehension, and understanding the process of the presentence report." The report also quoted the conclusions of a psychiatrist who

---

[1] Willard's plea was not conditioned on an agreement with the Commonwealth.

examined Willard. The psychiatrist explained that Willard suffered from a "progressively dementing condition," and that he would "inevitably continue to manifest increasingly severe limitations associated with organically based dementia regardless of time, tincture, or treatment."

The presentence report also addressed Willard's criminal history. Although Willard did not have any prior convictions, he was previously charged with a similar criminal offense. On June 5, 2013, Willard was arrested for taking indecent liberties with a ten-year-old girl. Willard sat beside the victim at church and told her that she was pretty and that he wanted "to lick her tootsie." The Commonwealth moved to *nolle prosequi* this charge after Willard was deemed unrestorably incompetent, but stated that it would pursue the charge in the future if Willard was not adequately supervised. The circuit court granted the *nolle prosequi* motion subject to the condition stated by the Commonwealth.

Willard's father briefly testified at Willard's sentencing hearing. Willard's father explained that Willard had ongoing health problems and that "he's been all messed up" since he suffered brain damage in the moped accident. Willard's father testified that Willard lived with him at the time he committed the offense at issue and that Willard would live with him in the future. Although Willard's presentence report indicated that a probation officer investigated the placement of Willard in a long-term care facility, Willard's insurance coverage and limited financial resources prevented this arrangement.

Before the circuit court pronounced Willard's sentence, it made several observations about his particular background. The circuit court acknowledged that Willard had "psychological problems" and that he was previously charged with a similar offense. The circuit court then explained that "it seems pretty certain that if [Willard] is unattended in the community, he is going to be a problem." The circuit court sentenced Willard to ten years of

incarceration, suspended nine years of his sentence, and placed him on indefinite probation subject to several special conditions.

The circuit court required Willard to attend sex offender treatment and receive mental health counseling. The circuit court also prohibited Willard from leaving his home unless he was accompanied by an adult. While the circuit court allowed Willard to attend appointments with doctors, counselors, lawyers, and probation officers on his own, the circuit court explained that Willard had to be accompanied when he left his home for any other purpose. As Willard's father had failed to adequately supervise him in the past, the circuit court specified that Willard's father could not act as his chaperone.

Willard objected to the indefinite term of his probation and the condition requiring him to remain at home unless he was accompanied by an adult. Willard argued that the condition at issue amounted to an unreasonable restraint on his liberty and that the indefinite term of his probation was unnecessary. In response, the circuit court explained that Willard was "an obvious threat to the community." The circuit court also noted that an increased term of active incarceration would impose an even greater restraint on Willard's liberty. The circuit court overruled Willard's objections and imposed the probation condition at issue for an indefinite term. This appeal followed.

## II. ANALYSIS

On appeal, Willard contends that the condition of his probation requiring an adult to accompany him on most of his trips outside his home was unreasonable. When coupled with the indefinite term of his probation, Willard argues that the condition at issue essentially placed him on perpetual house arrest and completely deprived him of his liberty. Thus, Willard maintains that the conditions of his probation were unreasonably restrictive. We disagree with Willard's argument.

Pursuant to Code § 19.2-303, a trial court may "suspend imposition of sentence . . . [and] place the defendant on probation under such conditions as the court shall determine." In order to provide an effective remedial tool to facilitate the rehabilitation of criminals, Code § 19.2-303 "places wide discretion in the trial court to determine what conditions are to be imposed in each particular case." Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085, 407 S.E.2d 355, 356 (1991); see also Waiters v. Commonwealth, 33 Va. App. 739, 741-42, 536 S.E.2d 923, 925 (2000). Accordingly, "[w]e review conditions of probation imposed by a trial court as part of its sentencing determination for abuse of discretion." Murry v. Commonwealth, 288 Va. 117, 122, 762 S.E.2d 573, 576 (2014).

While Code § 19.2-303 provides courts with broad discretion when determining appropriate probation conditions, such conditions must be reasonable. See id. "Absent an alleged statutory or constitutional violation, '[t]he sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness.'" Du v. Commonwealth, 292 Va. 555, 563, 790 S.E.2d 493, 498 (2016) (quoting Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 341 (1998)). "Probation conditions must be reasonable in light of the nature of the offense, the defendant's background, and the surrounding circumstances." Murry, 288 Va. at 122, 762 S.E.2d at 576.

Additional considerations apply when a probation condition implicates a defendant's constitutional rights. See id. at 123, 762 S.E.2d at 577. "[W]hen a defendant contends that a probation condition is 'unduly intrusive on a constitutional right,' a review of the condition must balance the constitutional rights enjoyed by the probationer and the legitimate needs of law enforcement." Id. (quoting Carswell v. State, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999)). Stated alternatively, a reviewing court must "measure [the defendant's constitutional] interests

against the Commonwealth's interests in imposing the condition in light of [the defendant's] offenses, his background, and the surrounding circumstances." Id.

Upon review, we conclude that the indefinite term of Willard's probation and the particular condition at issue were reasonable when viewed in light of his offense, background, and the unique circumstances surrounding this case. We also conclude that the condition at issue and indefinite term of Willard's probation were not unduly intrusive on his constitutional rights. While the condition requiring Willard to be accompanied by an adult when he left his home limited his ability to move freely within his community, it was designed to prevent Willard from committing similar offenses in the future and thereby protect the public.

"Sex offenders are a serious threat in this Nation." McKune v. Lile, 536 U.S. 24, 32 (2002) (plurality opinion). "When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." Id. at 33. In general, "the Commonwealth has the legitimate concern that a probationer is more likely to engage in criminal activities than an ordinary citizen. This concern is heightened when, as here, a probationer is a sex offender." Murry, 288 Va. at 127, 762 S.E.2d at 579 (citation omitted).

Although he was not convicted of an earlier offense due to mental issues affecting his competency to stand trial, Willard admitted that he previously committed a similar sex offense involving a young girl in a public place. Willard also suffered from severe mental impairment. Due to his mental condition, Willard was unlikely to be able to control his inappropriate impulses in the future or benefit from sex offender treatment and counseling. A psychiatrist who examined Willard determined that he suffered from a "progressively dementing condition," and explained that his mental condition would continue to deteriorate over time.

Under these circumstances, the circuit court determined that Willard posed a unique risk to the public. Due to his declining mental condition, the circuit court feared that Willard would

likely commit a similar offense if he was allowed to continue visiting public places by himself. Accordingly, the circuit court imposed the probation condition requiring an adult to accompany Willard when he left his home. This condition was reasonable in light of Willard's offenses and background.

On appeal, Willard contends that the probation condition at issue impermissibly infringed upon his constitutional rights by effectively placing him on indefinite house arrest.[2] We disagree with this argument. Although the probation condition prohibited Willard from leaving his home unless he was accompanied by an adult, the condition did not prevent Willard from leaving his home under any circumstances. Willard could attend certain appointments by himself. Moreover, Willard could go anywhere he wished to go as long as he was accompanied by an adult. When accompanied by an adult, Willard could leave his home whenever he wished to do so and engage in any lawful activities he wished to pursue (as long as doing so would not violate additional terms of his probation).

> Inherent in the very nature of probation is that probationers "do not enjoy the absolute liberty to which every citizen is entitled." Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens.

United States v. Knights, 534 U.S. 112, 119 (2001) (quoting Griffin v. Wisconsin, 483 U.S. 868, 874 (1987)).

While we acknowledge that the condition at issue limited Willard's freedom of movement, we conclude that any limitation resulting from the condition was justified by the circumstances of the case. Although Willard may be unable to leave his home on occasions

---

[2] We note that Willard was ineligible to participate in a "home/electronic incarceration program" pursuant to Code § 53.1-131.2 due to the nature of his conviction. See Code § 53.1-131.2(A)(vi).

when an adult is unavailable to accompany him, like the circuit court, we note that Willard's incarceration or his placement in a long-term care facility would also limit his freedom of movement. The condition at issue was designed to minimize the risk that Willard would commit a similar offense in the future while providing him with a less-restrictive alternative to active incarceration.

Willard also contends that the circuit court erred by imposing an indefinite term of probation. Citing Code § 18.2-67.3, Willard maintains that he could have only been incarcerated for a maximum period of twenty years. See Code § 18.2-67.3(B). As his indefinite period of probation could potentially exceed twenty years, Willard argues that the duration of the term of his probation was unreasonable.

This argument is without merit. Although Willard could have only been incarcerated for twenty years for his conviction of the offense at issue, the circuit court had the authority to suspend Willard's sentence beyond this time period. When suspending a portion of a sentence, a court "may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, *without regard to the maximum period for which the defendant might have been sentenced*." Code § 19.2-303.1 (emphasis added). Likewise, a court may impose conditions on the suspension for a length of time exceeding the applicable maximum sentence. See Simmers v. Commonwealth, 11 Va. App. 375, 377-78, 398 S.E.2d 693, 694 (1990).

The circumstances of the present case justified an indefinite term of probation. As previously stated, Willard suffered from a progressively debilitating mental impairment. Thus, his ability to refrain from committing future criminal offenses was uncertain. Due to his mental condition, it was unlikely that Willard would benefit from sex offender treatment or be able to control his criminal behavior. By imposing an indefinite term of probation, the circuit court

protected the public from the risk that Willard would continue to commit serious sex offenses if his mental condition further deteriorated.

In summary, we conclude that the indefinite term of Willard's probation and the probation condition requiring an adult to accompany him when he left his home were reasonable in light of Willard's offense, his background, and the surrounding circumstances. Based on Willard's mental impairment and criminal history, the circuit court logically concluded that Willard would likely commit a similar offense if he was allowed to continue to visit public places without a chaperone. Accordingly, the circuit court fashioned the probation condition at issue and imposed it for an indefinite period to protect the public from future criminal conduct.

## III. CONCLUSION

For the reasons stated, we conclude that the circuit court did not abuse its discretion by imposing the probation condition at issue for an indefinite term. Therefore, we affirm the circuit court's decision.

Affirmed and remanded.[3]

---

[3] Willard was indicted for sexually abusing a child in violation of Code § 18.2-67.3, and he pled no contest to the indictment. While Willard's conviction order referenced Code § 18.2-67.3 and indicated he was convicted of the offense "charged in the indictment," it erroneously referred to the offense as "indecent liberties" rather than "aggravated sexual battery." In contrast, Willard's sentencing order stated he was convicted of "aggravated sexual battery" in violation of Code § 18.2-67.3. Upon remand, we direct the circuit court to correct the clerical error in Willard's conviction order pursuant to Code § 8.01-428(B).