COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Beales and Russell*


DONDRE D. THORPE

v.      Record No. 1206-21-2

COMMONWEALTH OF VIRGINIA                    MEMORANDUM OPINION**
                                                      PER CURIAM
DONDRE D. THORPE                                     JULY 5, 2022

v.      Record No. 0804-21-2

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

(Aaron M. Vandenbrook; Office of the Public Defender, on brief),
for appellant.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


Dondre D. Thorpe appeals from the decision of the Circuit Court of the City of Petersburg

revoking his previously suspended twelve-month sentence. The appellant also appeals the trial

court's denial of his motion to modify its sentencing decision. We granted the appellant's motion to

consolidate his two appeals and address them both in this opinion. The appellant's opening briefs

and the assignments of error in both appeals are identical. They assert that "[t]he trial court abused

its discretion in revoking ninety (90) days of [his] previously suspended sentence in that it failed to

_____

* Justice Russell participated in the decision of this case prior to his investiture as a
Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

give sufficient weight to mitigating evidence presented at the sentencing hearing." For the reasons stated below, we affirm the trial court's judgment.[1]

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

On March 3, 2020, the appellant was convicted for the unauthorized distribution of drug paraphernalia and carrying a concealed weapon. He was sentenced to twelve months in jail for each offense. His sentence for the drug paraphernalia offense was suspended for three years on the special condition that he be of good behavior. On January 15, 2021, the appellant's probation officer filed a probation violation report asserting that he had been unable to reach the appellant by phone or mail from early September 2020 through January 13, 2021. Additionally, the appellant had failed to report for jail on the concealed weapon conviction and was in "fugitive status" in the City of Petersburg. The report also stated that, while on probation, the appellant had been charged with reckless driving and a seatbelt violation in Dinwiddie County on July 25, 2020, and he had failed to appear in court on September 28, 2020. The appellant had also failed to appear in court in Colonial Heights on a drug possession charge that had been pending since 2018. The appellant was in fugitive status in both Dinwiddie County and Colonial Heights. As a result of the probation officer's violation report, the trial court issued a capias on

_____

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

- 2 -

January 15, 2021. The appellant was arrested, served the capias, and brought before a magistrate on April 12, 2021. His arraignment before the trial court occurred on April 20, 2021.

The appellant's revocation hearing took place on August 3, 2021. At the hearing he maintained that his probation officer could not reach him because he was homeless after his mother's death and he had no cell phone or ability "to get around." Nevertheless, he admitted that he had been charged with reckless driving and a seatbelt violation in July 2020 and that, following a hearing and driving school, the charge had been "resolved." He also admitted that he had "resolved" the failure to appear charge in Dinwiddie County by serving ten days in jail. The appellant acknowledged that the drug possession charge in Colonial Heights had been reduced to marijuana possession and that he had been convicted of that charge. He stated that he had served his sentence on the concealed weapon conviction and, upon his release in April 2021, was living with his grandmother on Baltimore Road.

The trial court found the appellant in violation of his probation, revoked his previously suspended twelve-month sentence, and re-suspended all but three months. The appellant appealed the trial court's decision and also filed a motion to modify the sentence, seeking GPS monitoring and/or work release. At a hearing on his motion, the appellant stated that he had mistakenly provided his girlfriend's address as that of his grandmother but noted that he resided with both his grandmother and his girlfriend. He also maintained that he was willing to pay for any GPS monitoring and would cooperate with a work release disposition. The trial court found his testimony was not credible and denied his motion. It stressed that the appellant had failed to appear for jail, had failed to appear for court, had not completed his community service, and had incurred new charges and convictions while on probation. The appellant noted an appeal from the court's decision and successfully moved to consolidate his appeals.

ANALYSIS

The appellant does not dispute that the trial court had sufficient cause to find him in violation of the condition of his suspended sentence. Instead, he maintains that the sentence imposed by the trial court was excessive.[2]

The appellant argues that the trial court failed to place sufficient weight on his mitigating evidence before fashioning a sentence. He emphasizes that he was before the court on his first probation violation and that his probation officer could not reach him because he was homeless. The appellant also stresses that he had accepted responsibility for his actions by serving his sentence for the concealed weapon conviction and had made "positive changes" by securing employment and taking care of his family. The appellant asserts that the trial court erred by failing to take these circumstances into account and imposing ninety days of incarceration. We disagree.

After determining a sentence, a trial "court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine." Code § 19.2-303. If a trial court subsequently finds good cause to believe that a defendant violated the terms of his suspended

---

[2] The appellant's assignment of error challenges the trial court's decision to "revok[e] ninety (90) days of [his] previously suspended sentence" and asserts that the court had failed to "give sufficient weight" to the mitigating evidence he presented at the sentencing hearing. To the extent that the appellant argues on brief that the trial court erred by denying his motion to modify his sentence by placing him on GPS monitoring and/or work release, we decline to address that argument because it is beyond the scope of his assignment of error. Rule 5A:20(c)(1) states that "[o]nly assignments of error listed in the brief will be noticed by this Court." Nothing in the appellant's assignment of error refers to the trial court's denial of his motion to modify his sentence. Because "we are 'limited to reviewing the assignments of error presented by the litigant,'" we "cannot 'consider issues touched upon by [the appellant]'s argument but not encompassed by his assignment of error.'" *Riddick v. Commonwealth*, 72 Va. App. 132, 146 (2020) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 289, 290 (2017)).

sentence, then the court may revoke the suspension and subsequently impose a new sentence. Code § 19.2-306(C).[3]

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender . . . ." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008) (quoting *Pierce v. Commonwealth*, 48 Va. App. 660, 667 (2006)).

A trial court's ruling in a revocation proceeding "will not be reversed [on appeal absent] a clear showing of abuse of discretion." *Jacobs*, 61 Va. App. at 535 (quoting *Davis*, 12 Va. App. at 86). "[T]he phrase 'abuse of discretion' means that the [trial] court 'has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Ellis v. Commonwealth*, 68 Va. App. 706, 711 (2018) (first alteration in original) (quoting *Sauder v. Ferguson*, 289 Va. 449, 459 (2015)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "This bell-shaped curve of reasonability governing . . . appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie." *Id.* (quoting *Sauder*, 289 Va. at 459).

---

[3] The appellant was arrested April 12, 2021 for probation violations that were reported on January 15, 2021. The Commonwealth correctly notes in its brief that the appellant did not argue below or on appeal that the amendments to Code § 19.2-306(C) or Code § 19.2-306.1, both of which went into effect on July 1, 2021, applied to his case. *See generally Green v. Commonwealth*, ___ Va. App. ___, ___ (2022) (holding that Code § 19.2-306.1 did not apply in that case because both the crime occurred and the prosecution began before the statute's effective date). Consequently, we do not consider those amendments.

The record establishes that the trial court had sufficient cause to revoke the appellant's suspended sentence. Despite the appellant's original suspended sentence on the paraphernalia conviction, he failed to report to jail on the concealed weapon conviction, incurred new convictions, and had failed to appear for court. He also failed to provide his probation officer with his current address. The trial court found that, rather than demonstrating that he was worthy of the court's lenity, he had "decided [he] would do what [he] wanted to do, not just here but [in] other jurisdictions." The court denied the appellant's request for reporting to jail at the end of each day and for work release, finding that he was not a suitable candidate for alternatives to incarceration.

Here, the trial court had the discretion to impose or re-suspend any or all of the previously-suspended sentence. Code § 19.2-306(C). Furthermore, it was within the court's purview to weigh any mitigating factors the appellant presented. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). The appellant's disregard of the terms of his suspended sentence supports the court's finding that he was not amenable to rehabilitation. In addition, his lapse into further criminal behavior demonstrated that he failed to take advantage of the grace extended to him. *See Price*, 51 Va. App. at 448. Our review of the record supports the conclusion that the trial court did not abuse its discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

CONCLUSION

Having reviewed the record, we hold that the sentence imposed by the trial court was not an abuse of discretion. Accordingly, we affirm the court's judgment.

*Affirmed.*