COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Bray
Argued at Norfolk, Virginia

TAMMY MAE FRAZIER

v.          Record No. 0418-93-2          OPINION BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                   AUGUST 29, 1995

            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                William H. Ledbetter, Jr., Judge

        Anthony G. Spencer (Eric D. White; Morchower, Luxton &
        Whaley, on briefs), for appellant.

        H. Elizabeth Shaffer, Assistant Attorney General (James
        S. Gilmore, III, Attorney General, on brief), for appellee.


        Tammy Mae Frazier (defendant) was convicted in the trial court
on twenty-three counts of grand larceny and one count of misuse of
public funds and sentenced on November 18, 1992, to two years for
each larceny offense and four years for misuse of public funds, a
total of fifty years imprisonment.  The court suspended forty-seven
years of these sentences on several conditions, including
restitution of $27,000 to the Circuit Court of Hanover County and
$23,000 to the victim of the offenses and supervised probation for
an unspecified term.  The court further ordered that defendant pay
court costs of $1,611.50.

        On November 25, 1992, the Commonwealth moved the trial court
to order the "judgment" for restitution and court costs docketed in
the "Judgement [sic] Book of Hanover County."  Following an _ore
tenus_ hearing on January 27, 1993, the court granted the motion
with respect to the restitution and "[o]rdered, as provided in
. . . Code § 8.01-446, and . . . § 19.2-305.2(B), that restitution
. . . be docketed in the Judgment Book of the Hanover Circuit

Court."

On appeal, defendant contends that docketing of the restitution as a "judgment against a person has serious adverse consequences for that person" which "changed the terms and conditions of the restitution obligation specified in the sentencing order" in violation of Rule 1:1.[1]  Defendant also complains that the disputed order was not docketed "without delay" in accordance with Code § 8.01-446.  Finding no error, we affirm the disputed order.

In imposing sentence for a criminal offense, trial courts are vested with "'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation'" of offenders.  Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (citations omitted).  The court may "suspend the sentence in whole or part," "suspend [its] imposition," and "in addition . . . place the accused on probation," subject to specified "conditions."  Code § 19.2-303.  "Among such conditions, restitution for 'damages or loss' caused by the offense" is a well established sentencing component, intended to benefit both offender and victim.  Deal, 15 Va. App. at 160, 421 S.E.2d at 899; see Code §§ 19.2-303, -305, -305.1, -305.2.  Sentencing statutes must be liberally construed, Deal, 15 Va. App.

---

[1]Rule 1:1 states, in pertinent part, that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

at 160, 421 S.E.2d at 899, and those "dealing with restitution . . . 'should be read, construed and applied together'" to promote their intended purposes.  Alger v. Commonwealth, 19 Va. App. 252, 256, 450 S.E.2d 765, 767 (1994) (citation omitted).

Code § 19.2-305.1(A) provides, inter alia, that "no person convicted of a crime, . . . which resulted in property . . . loss, shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such . . . loss."  The "amount [of restitution] to be repaid by the defendant and the terms and conditions thereof" shall be determined by the court "[a]t the time of sentencing" and specified in the "judgment order."  Code § 19.2-305.1(C); see Russnak v. Commonwealth, 10 Va. App. 317, 321-22, 392 S.E.2d 491, 493 (1990).

"An order of restitution may be docketed as provided in § 8.01-446 when so ordered by the court or upon written request of the victim and may be enforced by a victim named in the order to receive the restitution in the same manner as a judgment in a civil action."  Code § 19.2-305.2(B).  Code § 8.01-446 prescribes, in pertinent part, that "[t]he clerk of each court of every circuit . . . shall docket without delay, any judgment for money rendered in his court" in a "judgment docket" book established and maintained for that purpose.  (Emphasis added).

Defendant urges that we view an order of restitution pursuant to Code § 19.2-305.1 apart from a related, dependent order under Code § 19.2-305.2(B), which provides for docketing and enforcement of the award.  When considered in this perspective, she argues that

the later order adding enforcement remedies to the original restitution order modified the sentence by enhancing the punishment. However, this construction would subvert the salutary purposes of rehabilitation for defendant and recovery for the victim. Clearly, collection through enforcement is inherent in an order of restitution for the right to have any remedy, and, to that end, Code §§ 19.2-305.1, -305.2(B), and 8.01-446[2] must be read and considered together. See Alger, 19 Va. App. at 256, 450 S.E.2d at 767. Thus, any additional burden on defendant attendant to enforcement was obviously contemplated by the legislature when it enacted these companion statutes.

Defendant also complains that the docketing order failed to comply with Code § 8.01-446, which requires that judgments "shall [be] docket[ed] without delay." However, defendant misunderstands the statutory scheme. Code § 19.2-305.2 authorizes the trial court to order the restitution order "docketed as provided in § 8.01-446 . . . in the same manner as a judgment in a civil action." Code § 19.2-305.2. Code § 8.01-446 directs the clerk of each circuit court to "docket, without delay, any judgment for money rendered in his court" in a "judgment docket" book "maintained for that purpose." Thus, the promptness directed by Code § 8.01-446 does not relate to entry of the docketing order by the court, but, rather, to the clerk's responsibility to comply.

_____

[2]Code § 8.01-446 was amended during the 1995 session of the General Assembly to expressly address an "order of restitution docketed pursuant to Code § 19.2-305.2."

Because the record here does not reflect the time that the clerk actually docketed the restitution order, we are unable to review compliance with Code § 8.01-446.  See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

Finally, defendant argues that court costs were also improperly subject of the docketing order.  However, a review of the order discloses no mention of court costs and, therefore, this is not an issue before the Court.

Accordingly, we affirm the docketing order of the trial court.

Affirmed.

BENTON, J., concurring.


The narrow issue presented by this appeal is whether the trial judge had jurisdiction to enter an order allowing the docketing of a judgment for restitution. The record establishes that when the trial judge entered an order permitting docketing of the final order pursuant to Code § 19.2-305.2(B), more than twenty-one days had elapsed after entry of the final order. I would hold that Rule 1:1 did not bar entry of the order docketing the judgment.

"After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive." Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Notwithstanding that general rule, the Supreme Court has recently held that "Rule 1:1 does not preclude the entry of an order . . . [that] does not alter the substantive provisions of [a] final judgment" and that merely aids in the execution of the final judgment. Davidson v. Commonwealth, 246 Va. 168, 171, 432 S.E.2d 178, 179-80 (1993). Even though a final order has been entered, a judge of the court rendering that judgment "'may still enter such decrees and orders as may be necessary to carry the decree into execution.'" Leggett v. Caudill, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994) (quoting Lee v. Lee, 142 Va. 244, 250, 128 S.E. 524, 526 (1925)). The order that is at issue in this case was not a modification of a substantive provision of the final order; it merely aided execution of the final order. Accordingly, I concur

in the judgment affirming the order of the trial judge.