COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


JOHN ALEXIS BAZEMORE
                                        OPINION BY
v.   Record No.  0867-96-1          JUDGE WILLIAM H. HODGES
                                         AUGUST 26, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                      E. Preston Grissom, Judge

          John W. Brown for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     John Alexis Bazemore, appellant, pled guilty to grand

larceny.  Appellant's participation in the larceny consisted of

his having driven a rented truck to the Givens Corporation

(Givens), helping others load the truck with all terrain

vehicles, motorcycles, and other items, driving the loaded truck

to a meeting place, and then driving the truck to a farm where he

helped unload it.  The total value of the stolen property was

approximately $150,000.

     On March 21, 1996, appellant was sentenced to ten years in

prison, suspended, and ordered to pay restitution of $42,804.46.

     On appeal, appellant contends that the trial court erred in

 determining the amount of restitution.  He argues that the

restitution amount should not have included the expenses that

Givens incurred in retrieving the stolen items and in determining

the amount of its loss.  He also contends that because his role

in the theft was minor, the court erred in requiring him to pay the full amount of restitution. We hold that the trial court acted within its discretion in determining the amount of and terms and conditions of the restitution to be paid. Therefore, we affirm the trial court's decision.

Code § 19.2-305.1(A) provides that "no person convicted of a crime . . . which resulted in property damage or loss, shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such property damage or loss." Restitution for the property damage or loss "is a well established sentencing component, intended to benefit both offender and victim." Frazier v. Commonwealth, 20 Va. App. 719, 721-22, 460 S.E.2d 608, 609 (1995). Sentencing statutes are to be liberally construed to give the trial court broad discretion. See Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992).

Code § 19.2-305.1(C) states that "the court, in its discretion, shall determine the amount to be repaid by the defendant and the terms and conditions thereof." The burden of proving the amount of "property damage or loss" for purposes of applying Code § 19.2-305.1(A) is by the preponderance of the evidence. See Alger v. Commonwealth, 19 Va. App. 252, 258, 450 S.E.2d 765, 768 (1994) (citations omitted). The evidence proved that some of the stolen property was recovered. Givens had to pay American Honda $44,901.21 for items Givens had received from

American Honda but could not sell because the items were not returned or were damaged. The salvage value of the returned property was $15,469.13. Deducting that amount from the amount paid to American Honda left Givens with a net loss of $29,432.08. Other expenses incurred by Givens because of the theft included truck rental to pick up the stolen property ($76.38); the costs of the survey of the property for damage ($1,264); handling labor costs ($64); inventory labor costs ($5,120); supervisory costs ($440); forklift costs ($648); and management time ($5,760). The Commonwealth proved by a preponderance of the evidence that the total amount lost, excluding the amount of lost interest, was $42,804.46. The trial court correctly determined that a victim is entitled to recover the expenses of determining the amount of the loss. Therefore, the expenses that Givens incurred in calculating the full impact and cost of the theft were properly included in the amount of restitution. Thus, the trial court did not abuse its discretion by granting $42,804.46 in restitution to Givens.

Moreover, the trial court properly exercised its discretion in determining "the terms and conditions" of the restitution. Code § 19.2-305.1(C). Although appellant was acting in concert with others, he was guilty of all crimes committed and was fully responsible for the total loss the victim sustained. The court determined that appellant would be jointly and severally liable for Givens' total loss. The court also ordered that any amounts

3

paid by the codefendants would reduce the amount that appellant would ultimately be required to pay in restitution. The trial court acted within its sentencing authority in ordering restitution in the amount of $42,804.46. <u>See</u> Code § 19.2-305.1(C).

Accordingly, the trial court did not err in including the victim's expenses in determining the amount of the restitution or in making appellant jointly and severally liable for Givens' total loss.

<u>Affirmed.</u>