COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


JASON LEON DIEDRICH

                                          MEMORANDUM OPINION* BY
v.    Record No. 0962-98-1               JUDGE RICHARD S. BRAY
                                               JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Randolph T. West, Judge

          Robert W. Lawrence (Beale & Lawrence, on
          brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Jason Leon Diedrich (defendant) appeals the refusal of the

trial court to amend a prior sentencing order which required him

to make restitution for medical expenses incurred by the victim of

an assault and battery.  Defendant argues that restitution is no

longer necessary and appropriate because "the victim [has] been

paid . . . by an insurance company that did not have a right of

subrogation."  Finding that the court erroneously concluded that

the collateral source rule precluded relief from the order, we

reverse the order and remand the proceedings.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

Following a guilty plea to assault and battery, the trial court sentenced defendant to twelve months in jail, suspended, conditioned upon two years of good behavior and "full restitution for the medical expenses of [the victim]," which totaled $14,000. The victim subsequently instituted a civil action for damages resulting from the offense, naming defendant and his employer, C. R. Pittman, Inc., d/b/a Hoss's Deli, as co-defendants. Both employer and defendant were insured by a policy obtained by employer, and the insurer defended the claim, subsequently effecting a settlement with the victim for $98,000. The attendant "Release of All Claims," however, provided that it was "not to be construed to release [defendant] of his obligation to pay the court ordered restitution as ordered by the Newport News Circuit Court," a reservation made without defendant's consent.

Upon learning of the settlement, defendant and the Commonwealth jointly requested a hearing before the trial court, seeking "clarification" of the restitution order.[1] The court, however, refused "to change [its] ruling," and defendant appeals, arguing that the medical expenses subject of the order were fully

---

[1] The authority of the court to review and modify the order is not in issue.

-

satisfied in settlement of the victim's civil action against defendant and his employer.

Restitution for loss "is a well established sentencing component, intended to benefit both offender and victim." Frazier v. Commonwealth, 20 Va. App. 719, 721-22, 460 S.E.2d 608, 609 (1995) (citations omitted). The victim receives restitution, and the offender experiences a rehabilitative incentive to remedy the loss resulting from the offense. Code § 19.2-305.1(A1) provides, in pertinent part, that "any person who . . . commits, and is convicted of, a crime in violation of any provision in Title 18.2 . . . shall make at least partial restitution . . . for actual medical expenses incurred by the victim as a result of the crime." "At the time of sentencing, the court, in its discretion, shall determine the amount to be repaid by the defendant and the terms and conditions thereof." Code § 19.2-305.1(C).

Thus, the propriety of the court's original restitution order is not in dispute. However, the order did not restrict the source of funds or other benefits available to the victim from defendant, either directly or indirectly, to satisfy the obligation. In denying any relief to defendant from the settlement with the insurer, the court characterized the settlement funds as a "collateral payment." In obvious reliance upon the "collateral source rule," the court reasoned that "just like a civil suit, you might get paid by your insurance company, you sue somebody else

-

and they don't take that in consideration that you've been paid by your own insurance company."

"For more than a century, [the Supreme Court of Virginia] has approved and applied the collateral source rule in tort cases." Schickling v. Aspinall, 235 Va. 472, 475, 369 S.E.2d 172, 174 (1988) (citations omitted). "Under that rule, compensation or indemnity received by a tort victim from a source collateral to the tortfeasor may not be applied as a credit against the quantum of damages the tortfeasor owes." Id. at 474, 369 S.E.2d at 174. The doctrine simply sanctions any "windfall" to the victim rather than the wrongdoer. Id. at 475, 369 S.E.2d at 174. Clearly, the settlement funds in issue, paid to the victim by an insurer of both defendant and his employer and on their behalf, were not monies contemplated by the collateral source rule.

Accordingly, we reverse the order on appeal and remand the proceeding to the trial court for further consideration of the record, including such additional evidence as the court may deem appropriate, to ascertain defendant's relationship to the insurer and the representation and extent of his interests in the civil litigation and related settlement, together with the attendant implications of such circumstances, and other relevant considerations, upon defendant's remaining obligation under the restitution order, if any.

Reversed and remanded.

-