COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Annunziata and
        Senior Judge Overton
Argued at Chesapeake, Virginia


SUE ANN McCULLOUGH
                                    OPINION BY
v.    Record No. 1564-01-1    JUDGE ROSEMARIE ANNUNZIATA
                                    AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

Christopher P. Reagan, Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

Eugene Murphy, Assistant Attorney General,
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


At a bench trial, Sue Ann McCullough was convicted of two counts of misdemeanor welfare fraud and sentenced to twelve months incarceration, all suspended. In addition, pursuant to Code § 19.2-305(B), the trial court ordered McCullough to make restitution in the amount of $5,054.07 as a condition of her probation. McCullough appeals the trial court's imposition of this condition. For the reasons that follow, we affirm the trial court's decision.

## Background

A grand jury indicted McCullough for welfare fraud in excess of $200, a felony. At trial, the Commonwealth proved

beyond a reasonable doubt that Sue Ann McCullough committed welfare fraud against the Suffolk Department of Social Services. However, the Commonwealth failed to prove beyond a reasonable doubt the amount by which McCullough was overpaid as a result of her fraudulent conduct. She was accordingly convicted only of two counts of petit larceny, in violation of Code § 18.2-96, which defines "petit larceny" as the "commi[ssion] of simple larceny not from the person of another of goods and chattels of the value of less than $200." Code § 18.2-96. Notwithstanding the failure of proof during the guilt phase of the trial regarding the amount by which the Department was defrauded, the trial court at sentencing ordered restitution in the amount of $5,054.07, noting a different burden of proof applied to the determination of restitutionary amounts and holding that the Commonwealth proved the damages sustained by the agency by a preponderance of the evidence. The parties do not dispute these facts.

Analysis

McCullough contends that by ordering restitution in an amount greater than that proved in the guilt phase of the trial, the trial court erred as a matter of law. This question is one of first impression in Virginia. For the reasons that follow, we hold that the trial court did not err in the imposition of restitution in an amount greater than that proved in the guilt phase of the trial and affirm the decision of the trial court.

-

The trial court conditioned McCullough's probation on payment of restitution to the agency in the amount of $5,054.07 pursuant to Code § 19.2-305(B), which provides, in pertinent part:

> A defendant placed on probation following conviction may be required to make at least partial restitution or reparation to the aggrieved party or parties for damages or loss caused by the offense for which the conviction was had.

In addition, Code § 19.2-305.1(A1) provides that one convicted of a crime "shall make at least partial restitution for any property damage or loss caused by the crime . . . ."  Under these statutes, the trial court has "'wide latitude' and much 'discretion . . . to [apply the] remedial tool [of restitution] . . . in the rehabilitation of criminals' . . . ."  Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles v Commonwealth, 12 Va. App. 1083, 1085-85, 497 S.E.2d 355, 356 (1991)).  As such, the statutory provisions are to be liberally construed.  Id.; Bazemore v. Commonwealth, 25 Va. App. 466, 468, 489 S.E.2d 254, 255 (1997).

The statutory scheme for ordering restitution was established by the Virginia legislature as a conjunct of suspended sentences.  Its purpose is to help make the victim of a crime whole.  See generally, Alger v. Commonwealth, 19 Va. App. 252, 450 S.E.2d 765 (1994); see also Russnak v.

-

Commonwealth, 10 Va. App. 317, 322, 392 S.E.2d 491, 493 (1990).[1]

Although historically denominated a criminal penalty,[2] restitution under Virginia law may be more accurately characterized as quasi-civil in nature.  Restitution is a monetary amount that reflects the "damages" or "loss" caused by the crime.  Code § 19.2-305(B).  Part of the sentencing phase of trial, the amount is determined following conviction and is a matter resting within the sole province of the sentencing judge.  See Code § 19.2-305.1(C) ("At the time of sentencing, the court, in its discretion, shall determine the amount to be repaid by the defendant and the terms and conditions thereof."); Frazier v. Commonwealth, 20 Va. App. 719, 721-22, 460 S.E.2d 608, 609 (1995) (noting that restitution "is a well established sentencing component . . .").  It is based on facts proved either at the trial of the offense or at the sentencing hearing,

---

[1] Restitution may also serve the other purposes of sentencing, including deterrence, rehabilitation and retribution.  See Note, Victim Restitution in the Criminal Process: A Procedural Analysis, 97 Harv. L. Rev. 931, 937-41 (1984).

[2] According to one legal scholar, "[i]n ancient societies, before the conceptual separation of civil and criminal law, it was standard practice to require an offender to reimburse the victim or his family for any loss caused by the offense.  The primary purpose of such restitution was not to compensate the victim, but to protect the offender from violent retaliation by the victim or the community.  It was a means by which the offender could buy back the peace he had broken."  See id. at 933-34 (citations omitted).

-

where both the defendant and the Commonwealth have an opportunity to present relevant evidence on the issue. Cf. Deal, 15 Va. App. at 159-61, 421 S.E.2d at 898-900 (considering evidence from both the offense trial and the sentencing hearing to determine whether the imposed amount of restitution was reasonable). Clearly, then, the amount of restitution that may be imposed as a condition of probation is not an element of the offense that must be proved during the guilt phase of the trial, and its determination may properly be viewed as distinct from the determination of guilt. See Code § 19.2-295.1 (mandating separate proceedings for conviction and sentencing of felonies); Deal, 15 Va. App. at 160, 421 S.E.2d at 899 ("Following conviction in a criminal proceeding, trial courts are specifically vested with the authority to suspend the sentence in whole or part, suspend [its] imposition and . . . place the accused on probation, all under such conditions as the court shall determine. Among such conditions, restitution for 'damages or loss' caused by the offense is expressly recognized and approved in several statutes." (internal quotations omitted)).

In addition to the principles enunciated above, different rules of procedure apply, further confirming that restitution is to be treated as distinct and separate from the trial and conviction for the offense. Such rules do not and need not mirror those required for conviction. See Hollis v. Smith, 571

-

F.2d 685, 693 (2d Cir. 1978) ("There is no authority binding upon us which holds that the procedure in proceedings relating solely to punishment even when an additional fact has to be established, must conform precisely to those in proceedings relating to guilt, and we see no basis in principle for so holding.").  For example, hearsay evidence is admissible during sentencing and may be used to establish an appropriate amount of restitution.  See Alger, 19 Va. App. at 259 n.2, 450 S.E.2d at 769 n.2 (holding that Victim Impact Statement contained in pre-sentence report prepared by probation officer was properly considered by the court to determine restitution).  In addition, the right to a jury determination of the amount does not attach. Boyd v. Commonwealth, 28 Va. App. 537, 540, 507 S.E.2d 107, 109 (1998).  Finally, and most importantly, the "damages" or loss incurred by an aggrieved party as a result of the offense need only be proved by a preponderance of the evidence.  Bazemore, 25 Va. App. at 468, 489 S.E.2d at 255; Alger, 19 Va. App. at 258, 450 S.E.2d at 768.

The acceptance of the preponderance standard to establish the restitutionary amount, in itself, supports the conclusion that the Commonwealth's failure to prove the entire amount of loss caused by the offense during the guilt phase of the present offense, where a higher standard of proof prevailed, did not preclude the imposition of a greater amount upon proper proof during the sentencing phase.  To adopt the converse and view the

-

restitution issue as partaking of the guilt phase of criminal prosecutions "would turn sentencing hearings into second trials." United States v. Fatico, 603 F.2d 1053, 1057 (2d Cir. 1979).

In summary, the distinction made between restitution and the elements of the offense under Virginia law, which includes the application of a lowered burden of proof and relaxed rules of evidence, when viewed together with the primary purpose restitution has been instituted by the Virginia legislature, supports the conclusion that the amount of restitution the trial court may impose as a condition of probation is not limited to the proof put forth during the guilt phase of the trial. On appeal, where the restitutionary amount is supported by a preponderance of the evidence and is "reasonable in relation to the nature of the offense," Deal, 15 Va. App. at 160-61, 421 S.E.2d at 899, the determination of the trial court will not be reversed.

In this case, the trial court found that the Commonwealth proved by a preponderance of the evidence that McCullough's actions caused $5,054.07 in damages to the agency. Therefore, it ordered McCullough to pay restitution in that amount. We find no error and affirm the trial court's determination of restitution.

Affirmed.

-