COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Clements and Felton
Argued at Chesapeake, Virginia


ANTONIO WILSON

v.        Record No. 0931-05-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE WALTER S. FELTON, JR.
MARCH 28, 2006

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

Annette Miller (Office of the Public Defender, on brief), for
appellant.

Eugene Murphy, Senior Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Antonio Wilson ("appellant") appeals a judgment of the trial court ordering him to pay

restitution in the amount of $15,000 to GEICO insurance company ("GEICO"). He argues the trial

court abused its discretion in imposing restitution in that amount because the Commonwealth failed

to provide sufficient evidence of the actual amount of loss sustained by GEICO. For the following

reasons, we affirm the judgment of the trial court.

BACKGROUND

Appellant pled guilty pursuant to a plea agreement to receiving stolen property in violation

of Code § 18.2-109. The agreement provided that the "[c]ourt w[ould] decide the issue of

restitution to the insurance company." At appellant's March 16, 2005 sentencing hearing, the

prosecutor stated to the trial court that a representative from GEICO contacted him and provided the

amount it sought in restitution. Specifically, the prosecutor stated that the GEICO representative

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

indicated they did take into consideration salvage value. She says they sold it to salvage, I guess, for parts or at auction. But she indicated that the loss to the insurance company was -- for the car was $21,084.50. And they paid rental for the victim of $725.87. So the total was $21,810.17 to GEICO.

Appellant did not object to the admissibility of the evidence, but argued the Commonwealth's evidence was insufficient to meet its burden of proof, stating "that they haven't provided enough certain[t]y to allow for that kind of restitution." Appellant suggested that "the insurance company c[ould] go through a simple process and provide all documents through civil court and argue their claim at the time" and requested that the trial "court not provide restitution to GEICO and allow [the insurance company] to provide further documentation to prove what they did with this car, why they did it, and what shape it was [in] when they actually did recover it." Upon the conclusion of appellant's argument, the trial court awarded GEICO restitution in the amount of $15,000.

ANALYSIS

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Morris v. Commonwealth, 47 Va. App. 34, 42, 662 S.E.2d 243, 247 (2005) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc)). Consistent with this principle, "where the restitutionary amount is supported by a preponderance of the evidence[,] . . . the determination of the trial court will not be reversed." McCullough v. Commonwealth, 38 Va. App. 811, 817, 568 S.E.2d 449, 452 (2002).

The record reflects the Commonwealth presented evidence of its conversation with a GEICO representative asserting a loss of $21,810.17. We have previously held that hearsay

evidence is admissible to establish an amount of loss for purposes of restitution. See McCullough, 38 Va. App. at 816, 568 S.E.2d at 451 (citing Alger v. Commonwealth, 19 Va. App. 252, 259 n.2, 450 S.E.2d 765, 769 n.2 (1994)). Such hearsay evidence "must, however, have some indicia of reliability." Alger, 19 Va. App. at 258, 450 S.E.2d at 768.

Appellant's counsel conceded at oral argument that she failed to object to the admissibility of the Commonwealth's evidence, arguing instead to the trial court that the Commonwealth's evidence was insufficient to establish by a preponderance of the evidence the amount of restitution owed GEICO. We conclude that the specificity of the evidence presented by the Commonwealth to establish the loss for both the stolen car and the incidental rental expense resulting from the theft was sufficient to establish by a preponderance of the evidence that GEICO sustained a loss of $15,000 as a result of appellant's criminal conduct. See Bazemore v. Commonwealth, 25 Va. App. 466, 468-69, 489 S.E.2d 254, 255-56 (1997) (finding the Commonwealth had met its burden of establishing amount of restitution when it specifically outlined the value of the stolen vehicle and the resulting incidental expenses associated with recovering the stolen vehicle).

The amount of restitution to be repaid by a person convicted of a property crime "is a matter resting within the sole province of the [trial court]." McCullough, 38 Va. App. at 815, 568 S.E.2d at 451 (citing Code § 19.2-305.1(C)). The trial court's judgment ordering appellant to pay GEICO $15,000 restitution, an amount less than the amount established by the Commonwealth's evidence, demonstrates that it considered both the Commonwealth's evidence and appellant's argument. "The weight which should be given to evidence . . . [is a] question[] which the fact finder must decide." Molina v. Commonwealth, 47 Va. App. 338, 370, 624 S.E.2d 83, 98 (2006) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986)). Accordingly, we conclude the trial court did not abuse its discretion in ordering appellant to pay GEICO $15,000 restitution.

Affirmed.