UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Russell and Senior Judge Clements
Argued at Richmond, Virginia

CARLA WYCHE LEWIS

v.      Record No. 1093-17-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE WESLEY G. RUSSELL, JR.
OCTOBER 16, 2018

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Daniel W. Hall (Law Office of Daniel W. Hall, on brief), for
appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Carla W. Lewis, appellant, was convicted of grand larceny in violation of Code § 18.2-95.[1]

The only issue on appeal is whether the trial court abused its discretion in ordering appellant to pay

$58,054.80 in restitution. For the reason that follows, we affirm.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below." Bolden v.

Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). So viewed, the evidence

establishes that, in December of 2014, the victim hired appellant to help around the house during

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In her original petition for appeal to this Court, appellant challenged the sufficiency of
the evidence to sustain her conviction for grand larceny. This Court denied that assignment of
error by order dated February 5, 2018. After a three-judge panel heard oral argument on that
issue, this Court determined that the sufficiency issue remained denied. Therefore, the
sufficiency of the evidence to sustain her grand larceny conviction is no longer before this Court.

the holiday season. The victim recalled that appellant may have come back to help once in January, a "couple" of times in February, "maybe" once in April, and a "couple" of times in May of 2015. During this time period, the victim spent most of her time in Florida.

When the victim returned home in May of 2015, she discovered that many pieces of her jewelry were missing. Photographs and appraisals of the missing jewelry were admitted into evidence at trial. After conducting a more comprehensive search of her home, the victim realized that her silver dinnerware was missing and had been replaced with "fake silver."

The victim contacted the police and reported her missing items. The police investigation revealed that appellant had sold some of the victim's jewelry and silver at a pawn shop in April of 2015. The victim identified as hers a child's silver fork and spoon and a few pieces of her missing jewelry that were displayed at the pawn shop. One of the jewelry items was a pair of silver and gold earrings with diamonds appraised in 2008 for $2,000. All of the items at the pawn shop that the victim identified as hers were returned to her.

Katherine Mesa had been working for the victim as a house cleaner for two years. Mesa testified that, on one occasion, appellant took her into the victim's attic and showed her everything that was there. Appellant told Mesa that she took things, but the victim never discovered that she had done so. Appellant told Mesa, "you can take whatever you want, they'll never find out, they have a lot of things." Mesa later observed appellant put two black bags in her car. Mesa was not able to determine what the bags contained.

Ray Wimbush, who also worked for the victim, testified on behalf of appellant. He stated that he suggested she hire appellant to help with odd jobs around the house during the holidays. He testified that the victim gave him a Ziplock bag of small and broken jewelry and asked him to take the bag to Goodwill. At that time, appellant was with him cleaning the garage. Appellant asked

Wimbush if she could have the jewelry because she does jewelry repair and Goodwill does not accept broken jewelry.

Appellant testified in her own defense. She said that she had permission to take the jewelry to Goodwill and to the pawn shop. Appellant admitted that she had been convicted of three felonies and other misdemeanor crimes of moral turpitude.

On rebuttal, and in earlier testimony, the victim testified that she never gave appellant permission to take anything to either Goodwill or the pawn shop.

The trial court, in finding appellant guilty of grand larceny, specifically referenced the value of one of the items at $2,000; however, in the order of conviction, the trial court did not specify the items it determined appellant had taken. In essence, the conviction order was a general verdict of guilt.

At sentencing, the Commonwealth introduced a letter from the Chubb Group of Insurance Companies requesting restitution for loss payouts made to the victim in the amount of $58,054.80. The victim testified that this proof of payment was for her missing silver and not for any of her other possessions. The trial court stated that it had reviewed the exhibits from the trial, and in calculating the monetary loss of the jewelry explained, "it comes up almost more than what the Chubb Insurance Group was asking in terms of restitution[.]" After reiterating that appellant had been convicted of grand larceny, the trial court awarded the victim $58,054.80 in restitution, the value of the missing silver.

ANALYSIS

Appellant contends the trial court abused its discretion by ordering appellant to pay restitution in the amount of $58,054.80 when such an award was not supported by a preponderance of the evidence. Specifically, she argues that, because the trial court did not specify in its order

which of the missing items it was convicting appellant of taking, the restitution award may have been based on the value of items she had not been convicted of taking.

"The statutory scheme for ordering restitution was established by the Virginia legislature as a conjunct of suspended sentences. Its purpose is to help make the victim of a crime whole." McCullough v. Commonwealth, 38 Va. App. 811, 815, 568 S.E.2d 449, 450 (2002). Restitution "is a well-established sentencing component[.]" Frazier v. Commonwealth, 20 Va. App. 719, 721-22, 460 S.E.2d 608, 609 (1995). Sentencing statutes "confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991)). "'Restitution' is defined, in pertinent part, as 'a restoration of something to its rightful owner: the making good of or giving an equivalent for some injury (as a loss of or damage to property).'" Howell v. Commonwealth, 274 Va. 737, 740, 652 S.E.2d 107, 108 (2007) (quoting Webster's Third New International Dictionary 1936 (1993)). It also serves "to prevent a defendant 'from profiting from the crime he committed.'" Burriesci v. Commonwealth, 59 Va. App. 50, 60, 717 S.E.2d 140, 145-46 (2011) (quoting Waiters v. Commonwealth, 33 Va. App. 739, 743, 536 S.E.2d 923, 925 (2000)).

"Although historically denominated a criminal penalty, restitution under Virginia law may be more accurately characterized as quasi-civil in nature." McCullough, 38 Va. App. at 815, 568 S.E.2d at 450-51 (footnote omitted). "[I]mportantly, the 'damages' or loss incurred by an aggrieved party as a result of the offense need only be proved by a preponderance of the evidence." Id. at 816, 568 S.E.2d at 451. "On appeal, where the restitutionary amount is supported by a preponderance of the evidence and is 'reasonable in relation to the nature of the offense,' Deal, 15 Va. App. at 160-61,

421 S.E.2d at 899, the determination of the trial court will not be reversed." Id. at 817, 568 S.E.2d at 451-52. In conducting our review of the trial court's restitution, we apply the familiar abuse of discretion standard. Burriesci, 59 Va. App. at 55-56, 717 S.E.2d at 143.

"[T]he phrase 'abuse of discretion' means that the circuit court 'has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" Sauder v. Ferguson, 289 Va. 449, 459, 771 S.E.2d 664, 670 (2015) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)). "In evaluating whether a trial court abused its discretion . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).

In McCullough, the defendant was convicted of two counts of misdemeanor welfare fraud with the trial court finding that the evidence during the guilt phase did not establish the amount of the fraud met the then $200 felony threshold. 38 Va. App. at 813-14, 568 S.E.2d at 450. However, at sentencing, the trial court ordered over $5,000 in restitution. In upholding the amount, this Court, held that the amount of restitution "is not limited to the proof put forth at the guilt phase of the trial." Id. at 817, 568 S.E.2d at 451. Under the lower preponderance standard of proof, this Court found no error in the trial court's determination of the restitution amount. Id. at 817, 568 S.E.2d at 452. This Court explained:

> the distinction made between restitution and the elements of the
> offense under Virginia law, which includes the application of a
> lowered burden of proof and relaxed rules of evidence, when
> viewed together with the primary purpose restitution has been
> instituted by the Virginia legislature, supports the conclusion that
> the amount of restitution the trial court may impose as a condition
> of probation is not limited to the proof put forth during the guilt
> phase of the trial. On appeal, where the restitutionary amount is
> supported by a preponderance of the evidence and is "reasonable in
> relation to the nature of the offense," Deal, 15 Va. App. at 160-61,

421 S.E.2d at 899, the determination of the trial court will not be
reversed.

Id. at 817, 568 S.E.2d at 451-52.

The grand larceny indictment against appellant alleged that she stole "property" having a

value of $200 or more.[2]  The trial court found her guilty because the evidence was sufficient to

prove *beyond a reasonable doubt* that she stole more than $200 worth of property.  However,

beyond finding appellant guilty of grand larceny with an essentially general verdict, the trial court

did not specify which of the missing items formed the basis of appellant's conviction.

The lack of specific findings of the trial court did not prevent it from finding that appellant

took the items that formed the basis of the restitution award.  The evidence conclusively established

that appellant took items of both jewelry and silver from appellant's home and sold them, placing

those items in appellant's possession.  The victim's testimony allowed the trial court to conclude

beyond a reasonable doubt that appellant did not have permission to possess those items.  From this,

the trial court reasonably could conclude beyond a reasonable doubt that appellant had taken all of

the missing jewelry and silver.  As the Supreme Court has explained, "the fact-finder "'. . . may

infer the stealing of the whole from the possession of part.'"''"  Henderson v. Commonwealth, 215

Va. 811, 813, 213 S.E.2d 782, 784 (1975) (alteration in original) (quoting Johnson v.

Commonwealth, 141 Va. 452, 456, 126 S.E. 5, 7 (1925)).  Accordingly, the trial court could

consider all of the missing jewelry and silver in crafting its restitution award.

The evidence adduced at sentencing established that the theft of the silver resulted in a loss

of $58,054.80, the amount that the Chubb Insurance Group had to pay for the victim's loss.  As the

trial court noted, evidence during both the guilt phase and at sentencing established a similar loss

---

[2] We note that as of July 1, 2018, the grand larceny threshold has been raised from $200
to $500.  See 2018 Va. Acts chs. 764 & 765 (amending Code § 18.2-95).  The $200 threshold
applies to Lewis because that was the relevant amount when she committed the offense prior to
the 2018 amendment.

related to the missing jewelry. Accordingly, under the appropriate preponderance of the evidence standard, the evidence was sufficient to allow the trial court to enter a restitution award far in excess of $58,054.80.

That it did not do so appears to have been an act of lenity. In any event, we cannot say that the trial court abused its discretion in entering a restitution award in the amount of $58,054.80. There was ample evidence to support a restitution award of at least that amount. Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

The amount of restitution ordered by the trial court in this case is supported by a preponderance of the evidence and is reasonable in relation to the nature of the offense. Therefore, the trial court did not abuse its discretion in making its restitution award.

<u>Affirmed.</u>