COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, AtLee and Malveaux
Argued by videoconference


TERRY DENISE OMENI

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0827-20-1                       JUDGE MARY BENNETT MALVEAUX
                                                    SEPTEMBER 28, 2021

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                               Michael A. Gaten, Judge

            Anthony J. Balady, Jr., Senior Assistant Public Defender, for
            appellant.

            Mason D. Williams, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        Terry Denise Omeni ("appellant") was convicted of grand larceny of a motor vehicle, in

violation of Code § 18.2-95.[1]  On appeal, she argues the trial court erred in ordering her to pay

$4,973.03 in restitution because the evidence was insufficient to establish that the claimed

damages were caused by her offense.  For the following reasons, we affirm in part and reverse in

part the judgment of the trial court.

                                      I.  BACKGROUND

        "In accordance with familiar principles of appellate review, we recite the facts in the light

most favorable to the Commonwealth, the prevailing party at trial."  Bryant v. Commonwealth,

70 Va. App. 697, 702 (2019).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant also was indicted for obtaining money by false pretenses, in violation of Code
§ 18.2-178.  The trial court granted appellant's motion to strike with respect to that charge.

On May 25, 2017, appellant visited Tysinger Motor Company ("Tysinger"), a car dealership in Hampton. After test-driving a 2017 Mercedes-Benz GLC, appellant agreed to purchase the vehicle. The sales associate who handled the transaction testified at trial that the Mercedes was "brand new." Appellant completed the sales paperwork for a cash transaction, and the next day, she returned to Tysinger and took possession of the vehicle. At that time, appellant had yet to pay Tysinger for the Mercedes. Appellant subsequently made several representations to Tysinger that she would soon pay for the vehicle, but the dealership never received payment.

On July 14, 2017, Tysinger filed a criminal complaint against appellant. The dealership's finance manager testified that the Mercedes was later found at a gas station in New Jersey with appellant's belongings in it. After Tysinger retained a repossession agency, the vehicle was returned to the dealership on August 22, 2017.

Appellant was extradited to Virginia from Delaware. In a bench trial, she was convicted of grand larceny of a motor vehicle.

At appellant's sentencing hearing, the trial court heard argument on the issue of restitution. The Commonwealth proffered documents from Tysinger regarding the proper restitution amount. Those documents included invoices and receipts for vehicle tracing and repossession services, including the labor, fuel, and toll expenses required to have the Mercedes driven back to Hampton; Tysinger's invoices for the costs of re-keying the vehicle; and the dealership's invoices for the costs of servicing, cleaning, and detailing the Mercedes. The sums itemized in these documents totaled $2,405.36. An additional document from Tysinger—an unlabeled paper slip bearing only a column of printed numbers—reflected a further, non-itemized expense in the amount of $2,567.67 and a total amount of claimed restitution in the amount of $4,973.03.

Counsel for appellant objected, arguing that "[t]here's a receipt . . . that indicates an amount of about $5,000. Some of those numbers . . . as far as I could tell, are not supported by that documentation." Further, counsel asserted that some amounts claimed by Tysinger were related to the costs of the dealership recovering the vehicle from New Jersey, and "not all of them [are] directly related to making Tysinger whole for the property damage. . . . I would say they're related in some way to the costs of the offense, but they're not related to the property damage." Counsel contended that

> [S]tuff like the cost of hotels, the cost of meals[2] are too attenuated or too far away from the actual purpose of the restitution statute. So . . . I'd ask the [c]ourt to specifically cut out the portions related to just the cost of what I assume is recovering the vehicle. . . . At least remove the portions that are not directly related to the cost of the key, the cost of repairs, the cost of perhaps cleaning. Stuff like that I think is valid. The other stuff related to recovery is not.

The Commonwealth responded that it was proffering "all the records that Tysinger has with respect to the costs that they were out" and that "it is all appropriate for restitution, not just the damage to the car, making the car suitable to be resold, but any cost associated with recovering it."

The trial court ruled that it would admit the restitution evidence in its entirety, stating that the costs of the vehicle's recovery were related to appellant's offense: "[T]he vehicle going to New Jersey is part of the asportation requirement [of larceny] . . . , and so I think the expenses are related."

The trial court sentenced appellant to ten years' incarceration with eight years and six months suspended, conditioned upon ten years' supervised probation. It further ordered

---

[2] Tysinger's documents included two driver expense reports for the drivers who retrieved the Mercedes from New Jersey. Both expense reports included line items for the costs of hotels and meals, but those line items were left blank and thus did not reflect any claimed hotel or meal expenses.

appellant to pay restitution in the full amount sought by Tysinger: $4,973.03. This appeal followed.

## II. ANALYSIS

Appellant assigns error to the trial court for ordering her to pay $4,973.03 in restitution, alleging that the evidence was insufficient to prove that the claimed damages were caused by her crime.

"When the sufficiency of the evidence is challenged on appeal, [this Court] must 'examine the evidence that supports the conviction and allow the conviction to stand unless it is plainly wrong or without evidence to support it.'" Sarka v. Commonwealth, 73 Va. App. 56, 62 (2021) (alteration in original) (quoting Austin v. Commonwealth, 60 Va. App. 60, 65 (2012)). See also Code § 8.01-680. "This deferential standard 'requires us to discard the evidence of the accused in conflict with that of the Commonwealth[] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn' from that evidence." Smith v. Commonwealth, 72 Va. App. 523, 532 (2020) (alteration in original) (quoting Green v. Commonwealth, 72 Va. App. 193, 200 (2020)). However, "[t]o the extent our analysis of the sufficiency of the evidence requires us to examine the statutory language, we review issues of statutory construction *de novo* on appeal.'" Id. (quoting Miller v. Commonwealth, 64 Va. App. 527, 537 (2015)).

Code § 19.2-305.1(A) provides, in pertinent part, that "no person convicted of a crime . . . which resulted in property damage or loss[] shall be placed on probation or have his sentence suspended unless such person shall make at least partial restitution for such property damage or loss." The determination of restitution is a sentencing decision, and as such it "will not be reversed unless the trial court abused its discretion." Martin v. Commonwealth, 274 Va. 733, 735 (2007). The trial court's sentencing decision will not constitute an abuse of discretion if it is

"supported by a preponderance of the evidence" and "'reasonable in relation to the nature of the offense.'" McCullough v. Commonwealth, 38 Va. App. 811, 817 (2002) (quoting Deal v. Commonwealth, 15 Va. App. 157, 161 (1992)). However, an abuse of discretion will occur if the trial court "commits a clear error of judgment" in weighing the evidence and other factors, Dang v. Commonwealth, 287 Va. 132, 146 (2014) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., 282 Va. 346, 352 (2011)), or if it "makes an error of law," Burriesci v. Commonwealth, 59 Va. App. 50, 56-57 (2011) (quoting Porter v. Commonwealth, 276 Va. 203, 260 (2008)).

"'Restitution' is defined, in pertinent part, as 'a . . . making good of or giving an equivalent for some injury (as a loss of or damage to property).'" Howell v. Commonwealth, 274 Va. 737, 740 (2007) (quoting Webster's New Third International Dictionary 1936 (1993)). Our Supreme Court has "specifically recognized that '[t]he General Assembly has limited the scope of restitution a court may order to payments for "damages or losses caused by the offense."'" Ellis v. Commonwealth, 68 Va. App. 706, 714 (2018) (alteration in original) (quoting Howell, 274 Va. at 740). This ensures that restitution is limited to that which "make[s] the victim whole." Fleisher v. Commonwealth, 69 Va. App. 685, 691 (2019). Accordingly, "[c]osts that result only indirectly from the offense, that are a step removed from the defendant's conduct, are too remote and are inappropriate for a restitution payment." Shelton v. Commonwealth, 66 Va. App. 1, 5 (2016) (quoting Howell, 274 Va. at 741).

Appellant first argues that the Commonwealth's evidence "was insufficient to establish any sort of restitution figure" and "was not sufficient, even under a preponderance of the evidence standard, to allow the court to impose any restitution obligation on [her]."

At appellant's sentencing hearing, Tysinger's documents on the issue of restitution were admitted into evidence. Among other expenses, Tysinger's documents itemized its costs

incurred to retrieve its Mercedes from New Jersey, re-key and provide new keys and fobs for the vehicle, and clean and service the vehicle after its asportation by appellant. This documentary evidence was the only evidence presented on restitution, and the trial court, as the finder of fact, was entitled to credit and rely upon it. See Smith v. Commonwealth, 52 Va. App. 26, 33-34 (2008) (noting that a trial court may rely upon the written representations of victims in determining restitution). Given that "on appeal we do not reweigh the evidence or substitute our judgment for that of the factfinder," we cannot say that the trial court erred when it found that a preponderance of this evidence supported ordering restitution for Tysinger. Lambert v. Commonwealth, 70 Va. App. 54, 64 (2019). Accordingly, appellant's argument that the evidence was insufficient to establish any sort of restitution figure or to impose any restitution obligation on her fails.

Appellant next argues that the trial court erred in ordering her to pay $4,973.03 in restitution because that amount was partially based on expenses too remote from appellant's conduct to be included in restitution. She notes that Tysinger's claim for restitution included "the cost of replacing keys[] [and] the cost of cleaning and detailing the car," as well as repossession expenses including "the costs of lodging and meal vouchers for the individuals who eventually recovered the car, and other various expenses . . . down to the tolls." Appellant contends that those expenses were only tenuously related to appellant's offense of grand larceny and that because they were insufficiently causally related to that offense, their inclusion in the trial court's restitution determination was error.[3]

---

[3] As noted *supra*, n.2, Tysinger's documents do not reflect any claims for restitution for lodging or meal expenses by the individuals who retrieved the Mercedes from New Jersey. Thus, we reject that part of appellant's argument asserting that the trial court erred by including lodging and meal expenses in the restitution amount.

In the instant case, most of Tysinger's restitution evidence comprised invoices and receipts specifically itemizing the dealership's costs to locate and retrieve its Mercedes from New Jersey and then to re-key, clean, and service the vehicle. Those itemized expenses totaled $2,405.36. When appellant objected to the admission of Tysinger's restitution evidence, she asked the trial court to exclude "the portions that are not directly related to the cost of the key, the cost of repairs, the cost of perhaps cleaning. Stuff like that I think is valid." Thus, to the extent that appellant objected at the hearing to restitution for the costs of detailing, servicing, and re-keying the car, appellant waived those objections and may not now argue that such expenses should have been excluded from restitution. See Pick v. Commonwealth, 72 Va. App. 651, 666 (2021) ("[A] party may not . . . abandon [an] objection during trial and attempt to reassert the same objection on appeal." (quoting Graham v. Cook, 278 Va. 233, 248 (2009))); Rhoten v. Commonwealth, 286 Va. 262, 268 (2013) ("We have held that a party's affirmative statement can serve as an abandonment of that party's objection at trial.").

With respect to the remaining, specifically itemized expenses Tysinger incurred in recovering its Mercedes, the trial court found that the costs of the vehicle's recovery were related to appellant's offense because "the vehicle going to New Jersey is part of the asportation requirement [of larceny]." Accordingly, the court included such costs in its restitution determination, and that inclusion is both supported by a preponderance of the evidence and reasonable in relation to the nature of appellant's offense. Tysinger's documentary evidence indicates that the dealership had to expend various sums to get its vehicle back after appellant wrongfully acquired and removed it. That evidence was uncontradicted. Further, but for incurring costs to retrieve the Mercedes from New Jersey after appellant asported it there, Tysinger would not have been able to re-key, service, and clean the car to present it again to the public for sale. Stated differently, Tysinger could not have been made whole for appellant's

offense without paying the necessary costs to regain possession of the Mercedes appellant had unlawfully obtained and removed. Accordingly, Tysinger's financial loss in the form of its specific, itemized vehicle recovery expenses was directly, rather than indirectly, caused by appellant's offense. See Britt v. Commonwealth, 276 Va. 569, 575 (2008) (noting that "proof of larceny requires that there be an asportation, or a movement of the seized goods . . ."); Bazemore v. Commonwealth, 25 Va. App. 466, 468 (1997) (affirming the award of a restitution amount that included the victim's costs to retrieve stolen property). Because this loss was not so removed from appellant's offense as to be improper for a restitution payment, the trial court did not abuse its discretion by including it in the restitution amount.[4]

However, in addition to its invoices, receipts, and other documents specifically itemizing $2,405.36 in vehicle recovery and post-recovery expenses, Tysinger's restitution evidence also included an unlabeled slip of paper bearing only columns of numbers that reflected a further, non-itemized expense in the amount of $2,567.67. The trial court added this amount to the $2,405.36 noted above to establish a total restitution amount of $4,973.03. We hold that it was error to include the $2,567.67 in appellant's restitution because the record lacks evidence to support that figure, and thus a preponderance of the evidence does not demonstrate a causal

---

[4] In arguing that the costs of retrieving the vehicle from New Jersey were too attenuated from appellant's offense to be included in restitution, appellant relies upon Howell. In Howell, the defendant burglarized and stole items from a local business whose owners then felt "forced" by their fear to install a new security system. 274 Va. at 739-40. The trial court ordered the defendant to pay restitution, including the security system's installation costs and several months' worth of third-party monitoring fees. Id. at 739. Our Supreme Court held that while the installation of the security system was "related" to the defendant's burglary, it was not "caused by [it]" and was thus too attenuated to be included in restitution. Id. at 741. Howell is distinguishable from the instant case because the security system expenses were incurred not to make the business owners whole for damages or losses caused by the defendant's crime, but to secure them prospectively against feared possible future crimes. Here, by contrast, the costs of retrieving the Mercedes from New Jersey were required to remediate appellant's criminal conduct—specifically, her asportation of the vehicle—and to make Tysinger whole by returning its stolen property to it. Thus, those costs were not attenuated from the crime in the same manner as the security system expenses in Howell.

relationship between that amount and appellant's larceny. Unlike the other restitution amounts sought by Tysinger, nothing in the record indicates what the $2,567.67 represents or in what manner, if at all, it was a loss attributable to appellant's unlawful conduct—it is simply an amount the Commonwealth proffered Tysinger was "out."[5] Accordingly, the evidence does not support that the $2,567.67 was not so removed from appellant's conduct that it should be included in appellant's restitution, and the trial court erred by so including it.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment awarding restitution for itemized expenses in the amount of $2,405.36 and reverse the trial court's judgment awarding restitution for an unspecified expense of $2,567.67. Thus, we affirm in part and reverse in part and remand this matter to the circuit court for the limited purpose of entering a new sentencing order reflecting a restitution amount of $2,405.36.

Affirmed in part, reversed in part, and remanded.

---

[5] The Commonwealth acknowledges on brief that "it is not clear from the record what the . . . $2,567.67 is attributed to."