# COURT OF APPEALS OF VIRGINIA

## Record No. 1606-24-3

GLORIA ANN FLEMING

v.

COMMONWEALTH OF VIRGINIA

Present: Judges Malveaux, Athey and Frucci

Opinion Issued April 14, 2026[*]

### FROM THE CIRCUIT COURT OF CARROLL COUNTY
Brett L. Geisler, Judge

(Robert L. Canard; Robert L. Canard, PLLC, on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Melanie D. Edge, Assistant Attorney General, on brief), for appellee.

## MEMORANDUM OPINION
## PER CURIAM

Gloria Ann Fleming pleaded guilty, without a plea agreement, to one count of felony destruction of property. The circuit court accepted her plea, found her guilty, and sentenced her to a term of five years' incarceration with five years suspended on the condition that she pay the victim restitution of $4,359.28. Fleming asserts that the circuit court abused its discretion in fixing the amount of restitution. Finding no error, we affirm the circuit court's judgment.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Fleming pleaded guilty to felony destruction of property. The parties stipulated at the plea hearing that the value of the property destroyed exceeded $1,000 and that the exact value would be determined at the sentencing hearing. The circuit court accepted Fleming's plea and found her guilty.

At the sentencing hearing, the victim testified that Fleming had struck the sunroof and passenger side of the victim's vehicle with a golf club.[3] The vehicle was 25 years old and the victim had bought it from her sister 4 years earlier for $3,500. Although the victim attempted to avoid driving in the rain and was able to park in a sheltered location at work, rain sometimes penetrated the damaged sunroof and had caused a foul smell. The Commonwealth adduced a report estimating that repairs would cost $4,359.28. Fleming's husband, however, testified that he obtained a Kelly Blue Book valuation that the vehicle was worth only $2,000.

Fleming argued that the repair estimate was excessive because it was more than twice the total value of the vehicle. The circuit court responded that "it doesn't take anything to get [a vehicle repair costing] three ($3,000.00) or four thousand dollars ($4,000.00)." The court emphasized that the victim was not responsible for the damage, which was caused solely by Fleming's attack. The

---

[3] It was later determined that it was a piece of rebar rather than a golf club.

court therefore ordered restitution of $4,359.28, the amount from the report provided by the Commonwealth. Fleming appeals.

ANALYSIS

Fleming argues that Code § 19.2-305.2(A) permits a court ordering restitution to require the defendant to "pay an amount equal to the greater of the value of the property at the time of the offense or the value of the property at the time of sentencing." She contends that the only evidence of value was the Kelly Blue Book valuation for $2,000 and that the Commonwealth's evidence did not establish value, only repair costs, and did not exclude any costs arising from the victim's failure to mitigate damages.

"A trial court has 'wide latitude' to make sentencing decisions such as the ordering of restitution, because '[t]he determination of sentencing lies within the sound discretion of the trial court.'" *Slusser v. Commonwealth*, 74 Va. App. 761, 770 (2022) (alteration in original) (quoting *Sigler v. Commonwealth*, 61 Va. App. 674, 678 (2013)). "On appeal, where the restitutionary amount is supported by a preponderance of the evidence and is 'reasonable in relation to the nature of the offense,' the determination of the trial court will not be reversed." *McCullough v. Commonwealth*, 38 Va. App. 811, 817 (2002) (quoting *Deal v. Commonwealth*, 15 Va. App. 157, 161 (1992)).

Our Supreme Court has defined restitution as "a restoration of something to its rightful owner: the making good of or giving an equivalent for some injury (as a loss of or damage to property)." *Burriesci v. Commonwealth*, 59 Va. App. 50, 60 (2011) (quoting *Howell v. Commonwealth*, 274 Va. 737, 740 (2007)). The purpose of restitution "is to help make the victim of a crime whole." *McCullough*, 38 Va. App. at 815. "Restitution is a monetary amount that reflects the 'damages' or 'loss' caused by the crime." *Id.* (quoting Code § 19.2-305(B)). "The General Assembly has limited the scope of restitution a court may order to payments for 'damages or losses

- 3 -

caused by the offense.'" *Howell*, 274 Va. at 740 (citing Code § 19.2-303). "Because suspended sentences based on conditions like restitution provide 'alternatives to incarceration,' Virginia's sentencing statutes are considered 'highly remedial and should be liberally construed to provide trial courts valuable tools for rehabilitation of criminals.'" *Slusser*, 74 Va. App. at 773 (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)); *see also Commonwealth v. Puckett*, 302 Va. 455, 461 (2023) ("Given the ambitious goals of restitution, appellate courts liberally construe statutes to give trial courts broad discretion to tailor restitution orders to fit the specific circumstances of each case.").

As an initial matter, Fleming argues that Code § 19.2-305.2(A) is controlling in the determination of restitution in this case. But Code § 19.2-305.2(A) applies when "return of the property is impractical or impossible." Here, there is no evidence in the record that this is such a case. On the contrary, the victim testified that she still possessed the damaged vehicle and drove it to and from work. Rather, the circuit court may order restitution for "damages or loss[es] caused by the offense." Code § 19.2-303

Here, the victim testified that she went to two dealerships for estimates of the cost to repair her car, and she provided the circuit court with the lower of the two estimates—$4,359.28. Thus, the circuit court received evidence of the fair market cost of repair. Fleming contended that this amount was excessive based on her evidence that the fair market replacement value for the car was $2,000. However, Fleming failed to provide any evidence disputing the victim's report of the cost to repair other than her evidence of the cost to *replace*. Thus, the victim sufficiently proved the fair market cost of repair by a preponderance of the evidence. Furthermore, it was within the court's discretion to order restitution in an amount to repair the car rather than to replace it because the court has "wide latitude," *Slusser*, 74 Va. App. at 770, in ordering restitution and the amount of loss caused "may be established by proof of the fair market cost of repair *or* fair market replacement

- 4 -

value," Code § 18.2-137(B) (emphasis added). In addition, the restitution ordered by the circuit court reflects the "damages or loss[es] caused by the offense." Code § 19.2-303.

Fleming argues that the victim failed to mitigate damages by "exposing the vehicle to rain." However, the victim testified in detail about the efforts she made to avoid exposing the vehicle to the elements. She testified that she planned her commute to and from work around the forecast to avoid rain and that she would go to work early and come home late just to avoid the rain. The victim also testified that she parked her car under a covered area while she was at work. Thus, because we view these facts in the light most favorable to the Commonwealth, Fleming's argument that the victim failed to mitigate damages—damages that are the result of her attack on the victim's vehicle—is without merit. *See Hammer*, 74 Va. App. at 231.

Therefore, since the "restitutionary amount is supported by a preponderance of the evidence and is 'reasonable in relation to the nature of the offense,' the determination of the trial court will not be reversed." *McCullough*, 38 Va. App. at 817 (quoting *Deal*, 15 Va. App. at 161).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*